AMSDEN *et al.* v. THE DUBUQUE AND SIOUX CITY RAIL-
ROAD COMPANY.

1. **Contract: RAILROAD: DAMAGES.** The Dubuque and Pacific Rail-
road Company used the surface of certain land owned by plaintiffs,
and in payment thereof was to build and maintain, perpetually, a
side track in front of certain lots owned by them, and executed a
covenant to them to that effect. The defendant succeeded to the
rights of said company, and assumed its indebtedness incurred in
the construction of the road. Subsequently, the defendant took up
said side track and abandoned it; whereupon the plaintiff com-
menced the present action for damages resulting from the breach of
said covenant executed by said Dubuque and Pacific Railroad Com-
pany. *Held*, that such damages were properly embraced in, and
formed a part of, the indebtedness of said company for the construc-
tion of the road, which, by its succession, defendant had assumed
to pay, and that plaintiffs were entitled to recover therefor.

2. —— It was further *held*, that the proper measure of damages was
the difference between the value of plaintiffs' lots with the side
track operated, and their value without it, instead of the difference
in the annual rental value of the lots in these respective conditions.

*Appeal from General Term, Ninth District (Dubuque
County).*

TUESDAY, APRIL 26.

THE plaintiffs were owners of certain lands near Man-
chester, Iowa, through which the Dubuque and Pacific
Railroad Company constructed its road, being part of its
second forty miles of road. In the construction of its
road, there was taken and used, under what is known in
railroad parlance as "borrowed land," the surface of
several acres of plaintiffs' land. In payment therefor,
the Dubuque and Pacific Railroad Company executed to
the plaintiffs a covenant to construct and perpetually
maintain a side track or switch along a street in Man-
chester, and in front of certain lots owned by plaintiffs.

The side track was constructed and maintained for a time, and until the defendant, the Dubuque and Sioux City Railroad Company, under a contract and decree of court accordingly, succeeded to all the rights of the former company, and became bound to pay its " indebtedness for the construction of its second forty miles of road." The defendant, after it succeeded to the rights of the former company, continued for a time to maintain and operate said side track. Certain accidents having happened in connection with it, the defendant took up said side track, and entirely abandoned its use. This action is brought to recover damages for the taking up and abandoning said track; the right to recover being grounded upon said covenant and the obligation of defendant to pay the indebtedness, as above stated, of the Dubuque and Pacific Railroad Company. There was a jury trial; verdict and judgment for plaintiffs for sixteen hundred dollars. The defendant appealed to the General Term, where the judgment was affirmed, and now appeals to this court. For further facts, see case of same parties, 13 Iowa, 132.

*Crane & Rood* for the appellant.

*Shubael P. Adams* and *W. Chandler* for the appellee.

Cole, Ch. J. — I. The first proposition relied upon by counsel for appellants is, that the damages resulting to

1. Contract: railroad: damages.
plaintiffs, if any, by reason of the breach of the covenant of the Dubuque and Pacific Railroad Company to construct and operate the side track, cannot be embraced in the " indebtedness for the construction of the second forty miles of road " which the defendant was, by its contract and by the decree, bound to pay.

The Dubuque and Pacific Railroad Company was indebted to plaintiffs for " borrowed land," used in the construction of its second forty miles of road.   This is conceded.   That indebtedness it is claimed by appellant's counsel was paid by the execution and delivery of the covenant, which, under our statute, Revision section 1823, is the same as an unsealed instrument.   But the making of the covenant did not pay the indebtedness ; that would only be satisfied or paid by the keeping and performing of the obligations of that covenant.   So far as the covenant was kept, it operated as payment *pro tanto*.   Whatever of the covenant was not performed left so much of the indebtedness unsatisfied.   If the former company had given its covenant to pay an annuity, such covenant, having only the same effect as an unsealed instrument, would have discharged the indebtedness only so far as performed ; that portion unperformed would still have remained as an indebtedness ; so of the covenant to maintain the side track.

II. The court admitted evidence to prove the difference in annual rental value of the plaintiff's lots with the side track operated, and without it ; and also instructed the jury that the measure of the plaintiffs' damages, if they found for them, was the aggregated difference in the annual rental values.   These are assigned as error.

2. —— measure of damages.

In our opinion the correct measure of damages is the difference in the value of the plaintiffs' lots, with the side track operated, and without it, at the time the track was abandoned, together with interest thereon up to date of trial, or not, at the discretion of the jury.   This rule renders the ascertainment of the damages easy, certain and final, and limits them to what would surely be within the contemplation of the parties.   Whereas, the annual rental value is more speculative and uncertain ; is liable

to great fluctuations from causes not within the scope of the contemplation of the parties, nor indeed within the range of their anticipations; besides, if the damages are apportionable, the measure of difference in annual rent would result in a multiplicity of suits; or, if not apportionable, then the result must be purely speculative (as to future rents), or the plaintiff be barred, by one recovery, from any other. For this error the judgment must be

Reversed.