THE MIHILLS MANUFACTURING CO. v. DAY BROTHERS ET AL.

1. **Contract: BREACH OF: DAMAGES.** The damages recoverable for a breach of contract are such as may reasonably be considered to have arisen naturally from such breach, or such as may reasonably be supposed to have been in the contemplation of the parties at the time they made the contract, as the probable result of the breach of it.

2. ———: SALE. If the vendor believes in good faith, or has reasonable grounds for believing, that the vendee is in embarrassed or failing circumstances, he has the right to demand the cash, or reasonable security, before delivering the goods, even if the course of dealing between the parties were otherwise with respect to time of payment.

*Appeal from Winneshiek Circuit Court.*

FRIDAY, DECEMBER 13.

ACTION on two accepted drafts and an account. The defendants pleaded a counter-claim. There was a trial by jury, verdict and judgment for defendants. The plaintiff appeals.

*M. P. Hathaway,* for appellant.

*G. W. Adams,* for appellees.

SEEVERS, J.—The counter-claim was based on the following facts: The defendants were dealers in lumber, doors and window-sash, at Decorah and Cresco, Iowa. The plaintiff was a manufacturer of the latter articles at Fond du Lac, Wisconsin.

The defendants ordered of the plaintiff certain doors and window-sash, which they wrote the plaintiff they desired to have "shipped about 20th of September, 1876." The plaintiff undertook to fill the order and have the same ready "about the 20th of September."

Nothing was said at the time the order was made, or in defendant's acceptance of the same, as to whether the goods aforesaid were to be paid for on delivery or before they were

The Mihills Manufacturing Co. v. Day Brothers.

shipped, or whether credit was to be extended therefor. The evidence tended to show that during the month of September the plaintiff became possessed of information tending to show that the defendants were in embarrassed circumstances, and on October 2d plaintiff wrote defendants that in consequence of such information the goods would not be shipped unless paid for on delivery or security given therefor. In reply the defendants wrote plaintiff to return all orders not filled so that they could know "what stuff we must order elsewhere." The plaintiff complied with this request.

One Strother was building a hotel at Cresco, and the defendants had contracted to furnish the doors and window-sash therefor, and those ordered of plaintiff were intended for such building. The defendants had agreed to furnish said articles by the 20th of September, and it was claimed because of the plaintiff's failure Strother was unable to finish the hotel as early as he otherwise would, and that he had been put to some additional expense. For such expense and damages caused by the delay in finishing the building it was claimed that the defendants were bound to indemnify Strother, and that the plaintiff was, therefore, liable to them for such amount, and evidence was introduced tending to show the amount of the damages.

I. The court instructed the jury as follows:

"6. The defendants say that a part of the damage which they have sustained in consequence of the alleged breach of con-

1. CONTRACT: tract on the part of plaintiff is that they (defend-
breach of:
damages. ants), as lumber dealers, had contracted with one Strother to furnish the goods in question for a certain hotel at Cresco, then in process of construction, and that the goods were ordered of plaintiff to fill the contract with Strother, and they say that in consequence of the failure of plaintiff to furnish the goods the said Strother sustained damages for which defendants are liable; and if you find such to be the facts, and that the plaintiff knew the goods were ordered for use on a particular building, then they are liable for such damage, and

in addition thereto the additional cost of procuring the goods from others."

In *Hadley v. Baxendall*, 25 E. L. & E., 398, Alderson, Baron, said: "Where two parties have made a contract, which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be either such as may fairly and reasonably be considered arising naturally—that is, according to the usual course of things—from such breach of contract itself, or such as may reasonably be supposed to have.been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it." This has been regarded as a leading case in both England and this country. It has been cited with approval and followed in numerous adjudicated cases, among which are *Adams Express Co. v. Egbert*, 36 Pa. St., 360; *Wolf v. Studebaker*, 65 Id., 459; *Griffin v. Colver*, 16 N. Y., 489; *Hamilton v. McPherson*, 28 Id., 72; *Richardson v. Chynoweth*, 26 Wis., 656; *Ashe v. De Rossett*, 5 Jones (N. C.), 299; *Calvert v. McFadden*, 13 Texas, 240.

In the case at bar there was nothing tending to show that the time of performance was deemed material. That is to say, time was not of the essence of the contract, but the contrary clearly appeared. The plaintiff may have had reason to suppose, from the character of the order, that the defendants intended to use the doors and window-sash in a particular building; but there was no evidence tending to show that the plaintiff knew they were intended for the "Strother Hotel," or that defendants were bound to deliver the same at any definite time. Nor did the plaintiff agree to have the same ready by a day certain.

In making the contract the plaintiff had no reason to suppose it would be responsible for a month's rent of the hotel if the doors, etc., were not furnished by September 20th, if thereby a month's delay in finishing the building occurred, or because additional expense was incurred in temporarily closing the openings in said building.

The Mihills Manufacturing Co. v. Day Brothers.

If the plaintiff had been informed of the special circumstances, and the consequences likely to arise from a failure to furnish the goods by the time indicated, the contract might never have been entered into. The damages sought to be recovered were not such as naturally and usually follow the breach of the contract, and were not contemplated by the plaintiff at the time, and are not, therefore, recoverable in this action.

II. It may be that according to the course of dealing between the parties the defendants had the right to suppose these particular goods were not to be paid for on delivery, but that a credit was to be extended therefor. This was a question for the jury; but, conceding such to be the case, we are of the opinion, if the plaintiff in good faith believed, and had reasonable grounds to believe, the defendants were in embarrassed or failing circumstances, that the plaintiff had the right to demand the cash or security before delivering the goods; and if defendants were informed of such refusal within a reasonable time, taking into consideration all the circumstances, they are not entitled to recover for this reason.

2. ——: sale.

Besides which it was, to use no stronger term, a question for the jury whether the defendants did not abandon and release the plaintiff from a performance.

REVERSED.