Nye, Gourlay & Co. v. The Iowa City Alcohol Works.

NYE, GOURLAY & CO. v. THE IOWA CITY ALCOHOL WORKS ET AL.

51 129
84 507

51 129
141 650

1. Damages: WARRANTY : BREACH. Where machinery is purchased with a warranty that it is in perfect order, and the vendee receives it and puts it in operation with full knowledge that it is defective, he is not entitled to recover damages for the breach of the warranty.

2. ———— : MEASURE OF. The measure of damages for the breach of such a contract of warranty would be the difference between the value of the use of the machinery as it would have been if it had been as represented, and the value of its use as it really was.

*Appeal from Johnson District Court.*

SATURDAY, APRIL 26.

THE defendants were endeavoring to sink a well for the use of their distillery, and the water flowed therein so rapidly that the required depth could not be attained except by the more expeditious removal of the water. To accomplish this

they hired of the plaintiffs a pump, and man to operate the same, and this action is brought to recover for the services rendered. The defendants pleaded a counter-claim, and alleged the plaintiffs had warranted the capacity of the pump, and that, by reason of its failure to perform as warranted, delays had occurred whereby they were greatly damaged. There was a trial by jury, verdict and judgment for the plaintiffs, and defendants appeal.

*Remley & Swisher,* for appellants.

*Cone & Holton,* for appellees.

SEEVERS, J.—There was evidence tending to show the distillery had been completed, with the exception of the well, and 1. DAMAGES: warranty: breach. that plaintiffs were so informed at the time the contract of hiring was entered into. The evidence also tended to show that the plaintiffs warranted the pump to be new, in perfect order, and of sufficient capacity to discharge eight hundred gallons of water per minute, and that it was not new or in perfect order, and that its capacity did not exceed four hundred gallons per minute.

If the pump had been of the capacity it was warranted to be, the parties expected, and the evidence tended to show, the well could have been completed in five days, but it in fact took eighteen days to do so, owing, as was claimed, to the defective pump.

The defendants claim that plaintiffs warranted that with the use of the pump the well could be completed in five days. But we fail to discover there was any evidence so tending. The contract was made in Chicago, and the well was situate in this State. The plaintiffs had no knowledge of the character of the ground or of the obstacles likely to be encountered, nor had they any right to say what force should be employed in digging. It is not reasonable, therefore, to infer that they obligated themselves to finish the well in any given time. Nothing short of positive evidence that they had so contracted would

warrant the jury in so finding.   So far from there being such we think they did nothing more than express their belief or opinion it could be accomplished in that time.

The defendants contracted to pay a certain sum per day for the use of the pump, and for the services of a man to operate it, and in addition thereto were to pay the freight to Iowa City and back to Chicago, and were to be responsible for all damages sustained to the pump.   The uncontradicted evidence is that the pump was cracked during its transit from Chicago, whereby its capacity was greatly diminished, and defendants were so informed on its arrival, and before operations were commenced.   The person sent from Chicago by the plaintiffs to operate the pump made efforts, or at least said he would do so, to repair the injury, so that the well could be finished.   Otherwise than this the plaintiffs had no knowledge the pump had been injured.

No objections were made by the defendants to the course taken, but they acquiesced therein; nor did they make any efforts to procure another pump or protect themselves from injury.   They had paid nothing on the contract at the time the injury to the pump was discovered.

The court instructed the jury that if they found for the defendants on the counter-claim the measure of the "recovery will be the difference in value to the defendants per day between what the pump would have been worth if it had been as represented or warranted, if you find there was a warranty, and what the pump was really worth per day in the condition in which it was; but you will not allow defendants any sum for rental value of the alcohol works during the time they were using the pump."

The appellants insist this instruction is erroneous because they were not allowed to recover the rental value of the distillery.   In this view we do not concur, because it was the duty of the defendants, in so far as they could, to have protected themselves from loss or damage.   *Davis v. Fish*, 1 G. Greene, 406; *Mather v. Butler County*, 28 Iowa, 253.   So far

from making any efforts in this direction they, at the time the pump was placed in the well, had knowledge it was defective, and in all probability it would not discharge the water as fast as the plaintiffs had warranted it would.    They had paid nothing on the contract and were not obliged to accept the pump. Besides this it was not injured through any fault of the plaintiffs, but while it was in transit, and for such injury the defendants under the contract were responsible.

These facts are exceptional.    The cases are numerous where defects in machinery have been discovered after it has been in operation for a time.    In such cases damages such as that claimed in this case may be recoverable.    But our attention has not been called to any adjudicated case in which such damages have been allowed where the machinery was known to be defective before operations were commenced therewith, and on principle we think such damages cannot be recovered.

While it is true such damages as arise naturally from a breach of a contract, or such as may have been contemplated by the parties, are recoverable (*Mihills Mfg. Co. v. Day*, 50 Iowa, 250), yet we think such rule does not apply in the present case.    It may be conceded that, under the contract as originally made in Chicago, if there had been no change in the circumstances, and there had been a breach of the warranty, the rental value of the distillery would have constituted the measure of the defendants' damage; but under the circumstances, and the acts and conduct of the parties, we do not think either of them could have contemplated that the plaintiffs would be liable to such damages if, owing to the injury to the pump, delay was caused.

The instruction was fully as favorable to the defendants as they were entitled to.    From what has been said it will be readily seen there was no error prejudicial to the defendants in the fourth instruction, limiting the recovery of damages to five days.    The instruction is based on the theory that plaintiffs warranted the well could be completed in that time.

Whether the plaintiffs might not have justly complained they were prejudiced by such instruction is not before us.

AFFIRMED.