## SCHREINER v. MILLER.

1. **Architect**: SUPERVISION OF BUILDING: NEGLIGENT CONSTRUCTION: DAMAGES. An architect who is employed to furnish plans for a building, and to superintend its construction, is liable for damages if, through his lack of skill or care, the foundations are so defective as to cause the walls to crack.

*Appeal from Polk Circuit Court.*

TUESDAY, OCTOBER 6.

ACTION in chancery to enforce a mechanic's lien. There was a decree in the court below establishing the lien for the amount claimed by defendant. Plaintiff appeals.

*Goode, Wishard & Phillips*, for appellant.

*D. Donovan*, for appellee.

BECK, CH. J.—I.   The pleadings and evidence show that plaintiff, who is an architect, under a contract with defendant, prepared plans and specifications, and superintended the construction, of a brick building, intended to be used as a hotel.   For the value of his services remaining unpaid, $245.55, he claims a mechanic's lien, and brings this action to enforce it.   The defendant, among other. defenses, pleaded to the action a counter-claim in the sum of $1,500, for damages sustained by him by reason of "faulty designs, defective plans and specifications, and want of care and skill in the erection and completion of the building under the management and supervision of plaintiff."   The defendant's counsel also insist in argument that plaintiff is not entitled to a lien for services rendered by him as an architect and superintendent, on the ground that the law affords no such remedy for services of that character.   This objection we need not determine, for the reason that we reach the conclusion upon the facts of the case that the defendant ought to recover upon his counter-claim a sum at least equal the amount claimed by plaintiff.

II.   The evidence clearly shows that plaintiff was charged under his employment with the duty of furnishing plans for the building and superintending its construction.   That the construction of the building was defective is clearly shown, one of the walls being so badly cracked as to depreciate the value of the house.   There are other defects in the plan and construction of the house.   Plaintiff, under his employment, was bound to furnish proper plans, and to see that the house was at least reasonably well ·constructed.   That it was not is plain.   The crack was caused, as defendant claims, by defective construction of the wall.   Plaintiff does not deny the existence of the crack, but attributes it to a defective foundation at the place in the wall where it is found.   It was plaintiff's business and duty to see that the house was constructed with reasonable care, and this duty required him to cause the foundation to be sufficiently deep, or otherwise protected, in

order to prevent settling, which would cause the wall to crack. A house is not constructed with reasonable care, the foundations of which are so defective as to cause the walls to crack.

III. The evidence as to the amount of damages sustained by defendant is not explicit in some respects, but it shows, we think, that they at least equal the claim of plaintiff. The house, by repairs and alterations, we conclude from the evidence, could be made to be of the value it would have been had it been constructed with proper care, for about the sum claimed by plaintiff. We therefore conclude that plaintiff ought to recover nothing in this action, and that judgment for costs should be entered against him.

REVERSED.