Owen, C. J.
The agreement between the railway company and the city of Gallipolis, in pursuance of which the former laid its track along the street of the city, was made under the authority of section 3283 of the Revised Statutes, which provides that: “ If it be necessary, in the'location of any part of a railroad, to occupy any public road, street, alley, way, or ground of any kind, or any part thereof, the municipal or other corporation, or public officers or authorities, owning or having charge thereof, and the company, may agree upon the manner, terms and conditions upon which the same may be used or occupied; and if the parties be unable to agree thereon, and it be necessary, in the judgment of the directors of such company, to use or occupy such road, street, alley, way, or ground, such company may’appropriate so much of the same as may be necessary for the purposes of its road, in the manner and upon the same terms as is provided for the appropriation of the property of individuals; but every company which lays a track upon any such street, alley, road or ground shall be responsible for injuries done thereby to private or public property, lying upon or near to such ground, which may be recovered by civil action brought by the owner, before the *317 proper court, at any time within two years from the compleof such track.”
One of the important questions in the case is: Did the trial court err in charging the jury that it could take into account, in estimating the damnges of the lot-owners, the evidence relating to “ the annoyances occasioned to the occupant of the property by smoke, noises, and sparks of fire, occasioned by the running of locomotives and cars along the track in front of the same ? ”
The tendency of the evidence is shown by the testimony of one of the witnesses on cross-examination by the company: “ Tell me what enter into your ideas of damage to this property? Ans. Well, this building there was for the purpose of a store; they were doing business in it, and it used to be a valuable stand, but it is not a desirable place now, because he keeps a general store and did a country business, but the road has run the customers off. I staid there seven years; quit in 1879. As elements of damage, I consider the shaking or jarring, smoke, for we had to close all the doors whenever there was a train, as the smoke made everything so dirty. He used to keep some white goods, and it would ruin them. Kept prints more or less, and it damaged everything of that kind.”
The plaintiff in error relies upou the authority of Parrot v. Railroad Co., 10 Ohio St. 624, as conclusive upon this point. Two propositions of the syllabus in that case are: (1.) That such owner and occupant is entitled to damages for any obstruction of the street by earth, gravel, timber or rail, substantially affecting his use of such street as an appurtenance to his premises. (2.) That in respect to noises, smoke, vapor, or other discomforts arising from the ordinary use of the railroad by the company, the occupant and owner of such lot and dwelling-house has no more right to recover damages of the company than any citizen who resides, or may have occasion to pass, so near the street and railroad as to be subjected to like discomforts. A railroad authorized by law, and lawfully operated, cannot be deemed a private nuisance.
This was an action of trespass on'the case brought anterior to the code, and seems to have been considered by the court *318 •without reference to the remedy which is contemplated and, indeed, provided for, by the act in question. For, whereas the court declares, in that case, that the owner of such lot has no more right to recover damages of the company that any citizen who resides, or may have occasion to pass, so near the street and railroád as to be subjected to like discomforts, the act in question expressly authorizes an action and recovery for injuries done by laying a track upon any such street or ground to private or public property, “ lying upon or near to the street or ground upon which the track is laid.” It seems that to entitle a property-owner to recover for injury to his property, it need not necessarily be situated upon the street occupied by the track. The statute reaches beyond the decision in prescribing a remedy for a party whose property is injured by the location and operation of a railroad track through the street of a municipal corporation. It is quite clearly apparent that the court, in the case last cited, was dealing with the subject of “ noises, smoke, vapor or other discomforts ” upon the assumption that they were such inconveniences as the public at large must bear in return for the public good to be acquired, and not as special and peculiar causes of injury and depreciation to the property affected, as contemplated by the statute before us, in its application to a case like the one at bar. The provision in force at the time of the injury complained of in that case of which section 3283 is an amendment, created no such remedy for land-owners as we are considering. (46 Ohio L. 45.)
True, in the case at bar, the property involved was situated upon the street occupied by the track. It cannot be claimed, however, that the remedy of the owners is restricted by that fact. The plaintiffs below owned a valuable interest in the street taken by the railroad company for the use of its track. This is too well settled by the adjudications of this court to justify.the citation of authorities to sustain the proposition. This interest was a proper subject for appropriation and compensation by the company. It was taken without either. It was not within, the power- either of the city of Gallipoli's, or of the general assembly, to authorize the company to take this *319 property of the plaintiffs below without compensation. While as between the city and the company the taking of the street was rightful, between the company and the plaintiffs it was wrongful. Whether the action below was one in the nature of an appropriation, we need not inquire. The question involved is whether, in the sense contemplated by the act in question, the property of the plaintiffs was materially and substantially injured by the location and operation of the railroad track upon the street upon which such property abutted.
Having invoked the provisions of this statute, it is not unreasonable that the company should be held to the remedies which it prescribes to parties injured.
The company further cites and relies upon Hatch v. Railroad Co., 18 Ohio St. 92, where it was held :
“ Nor is such owner entitled in such action to recover on account of increased danger from fire to his buildings or other structures * * * unless the proximity of his buildings, etc., to the railroad be such as to render the danger imminent and appreciable.”
The evidence below tended to show such a condition of things as, upon the proposition of this case, entitled the plaintiffs to damages.
While it may be conceded that in estimating the plaintiffs’ damages, the jury would not be permitted to take into account the consequences of the operation of the railroad which were common to the community at large, no sound reason exists for excluding from consideration such elements of inconvenience, annoyance, danger and loss as result to the property, its use and enjoyment, from the “smoke, noises and sparks of fire occasioned by running of locomotives and cars along the track in front of the same,” if it be shown that these caused special injury and depreciation to the property. The right to the use of this street by the public as an ordinary highway was all that had been surrendered by the owners of these abutting lots prior to the location of the railroad track. In that use there were none of the elements of injury of which they now complain. Without their consent and against their rights, these new and injurious burdens have been imposed, and that in perpetuity *320 and to their substantial loss. What better rule of redress can be adopted than one which requires that this loss should be fully repaired? that the injured party should be made whole by having restored to him, as far as this may be done in money, what he has lost in the depreciation of his property by reason of the new burdens to which it has thus been subjected ?
It seems clear to us that this rule of recovery was within the legislative intent when it was provided that: “ every company which lays a track upon any such street, alley, road, or ground, shall he responsible for injuries done thereby to private or public property lying upon or near to such ground, etc.”
This view is supported by Railroad Co. v. Ball, 5 Ohio St. 568; Hatch v. Railway Co., 18 Ohio St. 92; Dodson v. Cincinnati, 34 Ohio St. 276; Powers v. Railway Co., 33 Ohio St. 429; Railroad Co. v. Cobb, 35 Ohio St. 94; Railroad Co. v. Williams, 35 Ohio St. 198; Railroad Co. v. Mowatt, 35 Ohio St. 284; Railway Co. v. Lawrence, 38 Ohio S., 41; L. M. Railroad Co. v. Hambleton, 40 Ohio St. 496; Cohen v. Cleveland, 43 Ohio St. 196; Grafton v. B. & O. Ry. Co., 21 Fed. Rep. 309. The latter case is important from the fact that it is reported by an eminent jurist, Mr. Justice Matthews, who was construing the statute now before us. He says: “ In an action by the owners of such abutting lots against the railroad company for damages, they are entitled to recover full compensation for the depreciation in value of their .property caused thereby. * * * The statute must be taken to mean what it plainly says; and there being no sufficient reason to the contrary, must be so construed that the railroad company, in the case contemplated, shall be held responsible for all injuries of every description done by its work to the plaintiff.”
This construction of the statute also finds support in Adden v. White Mts. N. H. Railroad, 55 N. H. 413, where it is. said: “ Whatever tends directly and substantially to diminish -the value of the tract of land left to the owner, * * * should be weighed and considered in awarding him his damages. That imminent and appreciable danger from fire does so diminish the value of his property there can be no question. *321 * * * The location of the track and all such matters as grow out of and are caused by the location, are proper matters for the jury to consider.”
In Elizabeth, Lex. & B. S. R. Co. v. Combs, 10 Bush. 382; s. c., 19 Am. Rep. 73, the court say: “If his houses are damaged by having smoke, soot or fire from passing engines, thrown or blown into or against them, he is entitled to recover for this also. The dimunition of the value of the adjacent property occasioned by these circumstances will be the measure of his right of recovery.”
In Grand Rapids & I. R. Co. v. Heisel, 38 Mich. 62, the court say, Cooley, J.: “ In such a case his injury is not confined to making use of the public easement, but he may recover for any injury the incumbrance causes; ” and continues: “ He may recover for annoyances to business, or to family occupation, which the operations of the railroad company may cause.”
In Ham v. Wis., Ia. & Neb. Ry. Co., 61 Iowa, 716, it was held — after giving the rule to be the difference in value — that, “ In estimating such damages, the obstruction of the owner’s view, interfering with his privacy, and the noises of operating trains, are proper to be considered.”
In Gulf C. & S. F. Ry. Co. v. Eddins, 60 Tex. 656, the court say : “ Injuries resulting from sparks of fire from engines, smoke, cindei’S, unusual noises from bells and steam-whistles and other annoyances of like character, are proper elements of damage.”
These cases are in line with the manifest tendency of modern adjudications. In Lahr v. Metropolitan Elevated Ry. Co., 104 N. Y. 268, the court of appeals of New York was recently called upon to consider some of the questione involved in the case at bar, and declare the following to be the law of the ease:
“ Abutters upon public streets in a city are entitled to such damages as they may have sustained by reason of a diversion of the street from the use for which it was originally taken, and.its illegal appropriation to other and inconsistent uses; ” following Story v. New York Elevated R. Co., 90 N. Y. 122.
*322 “ An elevated steam railroad in a street of a city, supported by columns placed along tbe outer line of the sidewalks and operated by steam power, is a perversion of the use of the street from the purposes originally designed; is a use which neither the city authorities nor the legislature can legalize or sanction without providing for compensation for the injury inflicted upon property of abutting owners : ” Following the same case. * * * *
“ The railroad corporation was liable for the operation of its trains and the consequences following therefrom in respect to the manufacture and distribution in.the air, of gas, smoke, steam, dust, cinders, ashes and other unwholesome and deleterious substances emitted from the locomotives.”
The exceptions to the instructions given to the jury upon this subject were not well taken, and the assignment of error thereon is disallowed.
2. Did the trial court err in the admission of evidence upon the subject of the damages sustained ?
The following questions were permitted to bo asked and answered : “ State your damage by reason of the railroad being in Spruce street ? ” “ How much less per year do you receive as rent for the store-room on these premises described in your petition, than before the railroad was built along Spruce street?” “ What difference is there in the value of this property with the track there and with it somewhere else ? ”
It is too well settled in this state to admit of controversy that the true rule of damages in such cases is the difference in the value of the property affected before and the value after the location of the railroad, and that this is to be determined by the jury in the light of the facts established by the evidence, and not upon the mere opinions of witnesses, except so far as opinions may be received upon questions of value: Atlantic & G. W. R. Co. v. Campbell, 4 Ohio St. 595; followed and approved in Cleveland & P. R. Co. v. Ball, 5 Ohio St. 573. In each of these cases witnesses were allowed to testify to their opinions concerning the amount of damages sustained, and in each case this was held to be error and the judgment reversed. The jury is entitled to be informed by witnesses concerning the *323 value of the land before, and the value of it after, the location of the road. These are the primary facts which enable the jury to determine the extent of the injury. If it be contended that Avhen a witness has stated what, in his opinion, is the difference in the value of the land before and after the location of the road, or how much less it is worth after than before, he has substantially stated the substantive fact to be ascertained, the obvious ansAver is that he is, by this form of'inquiry, left to estimate in his own mind the amount of damages sustained, and give this to the jury as the difference in value. There is no assurance that he Avill, in making his estimate, take into account the actual value, before and after the location of the road. Indeed, there is no assurance that he may have an intelligent opinion of the value of the land affected either before or after such location, except that he has qualified himself, in the opinion of the court, as a witness. In Powers v. Railway Co., 33 O. St. 437, it is said by Day, J., in speaking for the court: “ On the trial, one of the land-owners Avas permitted to answer, against the objection of the company, the following question, viz.: e Hoay much less- valuable will your land be in consequence of this appropriation ? ’ Afterward, substantially the same question was asked of another witness on the part of-the company; to which the land-OAvners objected, and the court sustained the objection; but in so- doing, at the same time, ruled out the answer already given by the land-owner; to Avhich he excepted. The ultimate ruling of the court, in regard to the propriety of the question as asked on both sides, Avould seem to be sustained by the holding in Atlantic & G. W. R. Co. v. Campbell, 4 Ohio St. 573; and Cleveland & P. R. Co. v. Ball, 5 Ohio St. 568.”
Here is more than an intimation that these two forms of question — one relating to amount of damage, and the other to difference in value — are substantially equivalent. But the form of question we are considering related to the difference in the value of the property, “ with the track there and with it somewhere else ? ” What other location of the track Avith reference to the property, and how such different location may have *324 affected its value, was concealed in the mind of the witness, so that his answer may have been a mere opinion upon facts of which the jury was not permitted to have the benefit. It was permitting the witness to usurp the province of the jurors and settle for them the ultimate fact which they were called upon to determine.
Concerning the question which involved the rents received, it is not easy-to see how the jury could be aided in determining the value of this property by being informed how much less per year the plaintiff received as rent after the location than before. The actual value of the rent was not necessarily involved in this question. If this inquiry was permissible, it would place it in the power of the plaintiffs, by private contract with the lessees, to fix their own basis of damages. Special reasons may have existed for letting the property at an extremely low rate of rent, and other reasons may have induced an extremely high rate, and all this without necessary reference either to the actual value of the property or even the actual rental value. The question did not call for an estimate of the actual rental value of the property, but simply called for a disclosure of the terms of a particular letting, which may and may not have been made with reference to the fact which the jury was to deteivnine. But even if the inquiry had covered the. past and prospective rental value of the property, we are met by the declaration of this court in Railway Railway, 30 Ohio St. 624, that: “ It is the difference in value of the land, and not the diminished annual rental, that is to determine the damage.” Citing Amsden v. Dubuque Ry. Co., 28 Iowa, 542. This case is cited and approved in Powers v. Powers, 33 Ohio St. 435, where it is said: “ The difference in the value of the owner’s property with the appropriation and that without it, is the rule of compensation. This difference must be ascertained with reference to the value of the property in view of its present character, situation and surroundings.. It cannot be enhanced by proving facts of a contingent and prospective character, such as the probable rents that may be derived from the property,” etc.
*325 In permitting the foregoing questions to be asked and answered, there was error that calls upon us to reverse the judgments below.
3. The error assigned for the following charge of the court is not well taken. “ And I say to you that the track was completed whenever the defendant, or its predecessors, put it in condition fit for permanent use in running trains of railroad cars over it and with a view to permanently using and occupying the track for that purpose in connection with the main line; and the two years within which the action must be commenced begins to run from that time. If, after the defendant, or its predecessors, had put the- track in condition for permanent use, it déomed it necessary, or convenient, to change, and did change, the track by moving and placing it on a part of the street less injurious to the plaintiffs’ property, the jury would not be justified in saying from the fact of the change alone, that it was not completed until after the change was made ; but the fact of the change is a circumstance to be considered by the jury in determining whether the track was completed before the change, or not.”
"We find no other errors in the matters assigned as ground of reversal of the judgments below.

Judgments reversed, and cause remanded.