## W. H. FALLON, v. JOHN W. AMOND, Appellant.

**Statute of frauds:** ORAL CONTRACT: PART PERFORMANCE. An oral contract creating an interest in land which has been partly performed is not within the statute of frauds but may be enforced. In this action the alleged oral contract permitting the construction of a tile drain across plaintiff's land to drain the land of defendant, in which the evidence tended to show part performance by the laying of tile in plaintiff's land, was not within the statute of frauds.

**Same.** An oral contract creating an interest in land is not rendered absolutely void by the statute of frauds, but the statute relates to the question of proof, which is ordinarily one of law; and especially where there has been a part performance.

**Drainage:** CONTRACT: CONSIDERATION. Where by agreement defendant was permitted to construct a drain over plaintiff's land, on condition that he would lay tile of sufficient capacity to drain the surface water from both farms, a burden was imposed on plaintiff's land and defendant derived a benefit, either of which afforded a sufficient consideration to support the contract.

**Same:** BREACH OF CONTRACT: MEASURE OF DAMAGES: PLEADINGS. Where the plaintiff in an action for breach of a drainage contract claimed the difference in value of the land with and without the improvement as agreed, he was entitled to prove the cost of completing the ditch through his land, as bearing on the measure of damages, without specially alleging such cost. But permission to file an amendment alleging such cost was not an abuse of discretion and resulted in no prejudice, especially in view of the court's instruction that recovery could not be had for more than the cost of the improvement.

**Same:** MEASURE OF DAMAGES. Where the contract for the construction of a drainage ditch called for the permanent improvement of plaintiff's land, and involved a large expense, the measure of damages for breach of the contract was the difference in value of plaintiff's land with and without the improvement.

**Appeal:** FILING OF AMENDED ABSTRACT. Where no prejudice arose from failure of the appellee to file his amended abstract within the time prescribed, but he did so sometime before the cause was for

submission, and the same was in part at least necessary, appellant's motion to strike the same should be overruled.

Evans, J., dissenting.

*Appeal from Webster District Court.*—HON. C. G. LEE, Judge.

MONDAY, DECEMBER 18, 1911.

ACTION to recover damages for breach of contract. There was a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*B. J. Price* and *Mitchell & Fitzpatrick,* for appellant.

*Healy & Healy* and *Kelleher & O'Connor,* for appellee.

SHERWIN, C. J.—The parties to this action are adjoining landowners; the plaintiff owning the S. W. ¼ of section 3, and the defendant the S. E. ¼ and the N. ½ of section 4. One A. C. Schultze owns the N. E. ¼ of section 5 and the S. W. ¼ of section 33, which lies immediately north of the defendant's N. W. ¼ of section 4. In the early part of 1905, the parties entered into an agreement, whereby they were to construct an open ditch across a part of the defendant's land down to and across the quarter section owned by the plaintiff, and pursuant to this agreement they bought a ditching machine and constructed the ditch; the ditch being about eight feet wide at the top and about four feet deep. There was evidence tending to show that this ditch did not drain the defendant's land in a satisfactory manner, or as he had supposed it would; and the plaintiff alleges that upon making this discovery an oral agreement was entered into between them, "by virtue of which this plaintiff agreed that the defendant might drain his land through tile connected with a certain ditch located through plaintiff's said property, and

extend the tile of said defendant through and into plaintiff's land to a sufficient distance to obtain an outlet, on condition that said defendant should construct and build and lay through plaintiff's farm tile sufficiently large to take the surface water thus thrown by the defendant upon plaintiff's farm and the surface water from the plaintiff's farm." It was further alleged that as a part of said agreement the plaintiff agreed to pay a portion of the cost of such improvement. This action was founded upon this alleged agreement. There is sufficient evidence to warrant the finding of the jury that such an agreement was made, and it is conclusively shown that the defendant thereafter did place tile in the ditch in question on the plaintiff's land for a distance of about a hundred feet, and that the water from his own land was discharged from such tile into the open ditch and upon the plaintiff's land.

The appellant's first contention in argument is that the contract created an interest in lands, and was within the statute of frauds, and could not be proved by parol evidence. It may be conceded that the con-

1. STATUTE OF FRAUDS: oral contract: part performance.

tract alleged would create an interest in lands, and that such contracts can not be proven by parol. But section 4626 of the Code makes certain exceptions to the rule, and one of such exceptions is that, where such a contract has been partly performed, it is enforceable. *Robinson v. Luther*, 140 Iowa, 723; *Brown v. Honeyfield*, 139 Iowa, 415; *Jones v. Stover*, 131 Iowa, 119. There was no question but what the defendant had placed tile in the ditch on the plaintiff's land; and, while the defendant claimed that he placed it there at the request of the plaintiff, and not because of any such contract between them, as the plaintiff had alleged, there was evidence from which the jury might have concluded that the tile was put there in pursuance of said contract, and if it was so put there it would amount to such a part performance of the contract as would make it enforceable

under the statute and the authorities cited. The plaintiff pleaded a part performance of the contract, and the defendant pleaded that the contract was within the statute of frauds, and therefore unenforceable. The trial court gave no instruction on the subject, and of this the appellant complains.

An oral contract of this kind is not itself void under the statute. The statute only provides that no evidence shall be competent, unless it be in writing. Ordinarily the question whether a contract may be proved by parol is a question of law to be settled by the court. Here it was conclusively shown that the defendant had laid tile in the ditch for a hundred feet or more on the plaintiff's land, and that it was so laid in pursuance of the alleged contract. Under such circumstances, it was for the court to determine whether evidence of the oral contract was admissible, and the question could not be submitted to the jury without error.

2. SAME.

The appellant contends, also, that no consideration for the contract is shown. In this we think he is mistaken. The evidence tended to show that the contract gave the defendant an outlet for his water that he did not then have, and that the outlet on the plaintiff's land increased plaintiff's burden. Either is a sufficient consideration for the contract. *Carraher v. Allen,* 112 Iowa, 168.

3. DRAINAGE: contract: consideration.

Complaint is made because the plaintiff was permitted to amend his petition during the trial, alleging the cost of tiling the ditch through the plaintiff's land. The measure of recovery sought was the difference between the value of the land with and without the tile in the ditch; and we are of the opinion that the amendment was not necessary to enable the plaintiff to prove such cost as bearing on the measure of damages claimed. But, in any event, no prejudice is shown to have resulted from the

4. SAME: breach of contract: measure of damages: pleadings.

amendment; for the trial court instructed that recovery could not be had for more than the cost of the improvement. We think there was no abuse of discretion in allowing the amendment.

The appellant argues that the plaintiff's measure of damages is the cost of tiling the ditch in accordance with the contract, and not the difference in value of the farm with and without the improvement; and that because the plaintiff has paid nothing for the improvement he can not recover in this action. The contract called for the permanent improvement of the plaintiff's farm, which could only be done at large expense, and we think the rule of damages adopted by the trial court the right one. *Varner v. St. L. & C. R. R. Co.*, 55 Iowa, 677, was a case where the railroad made a contract to fence its right of way and failed to do so, and it was held that the measure of the plaintiff's damage was the difference in the rental value of the land with and without the fence. In *Amsden v. Railway Company*, 28 Iowa, 542, we held that, where a railroad company refused to construct and maintain a side track as it had agreed to do, the measure of recoverable damages was the difference in the value of plaintiff's land with and without such track. The same rule was also held correct in *Iowa-Minnesota Land Co. v. Connor*, 136 Iowa, 674; *Wilson v. Yocum*, 77 Iowa, 569. If the plaintiff's land is actually worth less with existing conditions than it would be, had defendant performed his contract, the defendant can not be relieved of liability, on the ground that the plaintiff has not done what the defendant agreed to do.

The appellant filed a motion to strike the appellee's amendment to appellant's abstract, because the same was not filed within the time fixed by the rules; and, further, because it is a mere repetition of the matter contained in the original abstract. The amendment was filed about three months be-

5. SAME: measure of damages.

6. APPEAL: filing of amended abstract.

fore the case was for submission, and about a month before appellant's argument was filed. No prejudice appears from the delay, and it was in part, at least, necessary. The motion is therefore overruled. The appellant's motion to strike a part of the appellee's argument, because not in the form required by the rules, is overruled. The appellee's motion to strike parts of the appellant's reply argument, because points are therein presented which were not presented in the original argument, is overruled. The reply seems to be a proper response to the appellee's argument on the same points. We find no error for which there should be a reversal, and the judgment is therefore *affirmed*.

EVANS, J. (dissenting).—Upon the whole record, I am unable to see any basis of liability in this case. In the first instance, the parties entered into an agreement about which there is no dispute, whereby they constructed an open ditch through the lands of both, and whereby each paid the expense of the construction upon his own premises. In the bottom of such ditch, defendant laid a tile drain and extended it one hundred feet beyond the partition line. It is now claimed by the plaintiff that this was done under an arrangement, whereby a tile drain was to be laid along the course of the ditch clear across plaintiff's land. He also contends in his testimony that the expense of such tile drain was to be borne in "proportion" to the benefits, and that such proportion would require defendant to pay five-sixths of the cost and the plaintiff one-sixth thereof. The jury awarded plaintiff a verdict of $2,390, on the theory that this would be five-sixths of the cost of laying a twenty-two inch tile across plaintiff's land. Judgment was entered on the verdict for such amount. And yet plaintiff has not constructed such tile drain; nor is he intending to do so; nor has he expended a dollar upon such enterprise. The position of the plaintiff in the case is

thoroughly inconsistent. He bases his claim that in the proposed carrying out of the enterprise the defendant should be charged with five-sixths of the cost and himself with one-sixth, on the theory that the tile drain would benefit him only to that extent. On the other hand, he bases his claim to a measure of damage of *five-sixths* of the estimated cost of laying such tile drain, on the theory that the failure to lay the same damaged him that much. If the construction of the tile drain could only benefit him *one* dollar, how could the failure to construct it damage him *five* dollars?

For the purpose of determining the "proportion" as between him and the defendant, he introduced evidence to the effect that he would receive only one-sixth of the benefit. Thereupon, on the measure of damage, he introduced evidence to the effect that the construction of the ditch would have benefited him *five times* such amount, and that the failure to construct the same therefore damaged him five times such amount. According to the finding of the jury, the defendant himself would have been benefited $2,390 by the construction of such tile drain across plaintiff's land. Because of the failure to construct such drain, the defendant must not only necessarily lose such benefit, but he is required by the verdict to pay the amount thereof to the plaintiff. The incongruity of the case may be further illustrated by the suggestion that, if a public drain were now established along the same course by statutory proceedings, the parties would be subjected to assessment of benefits therefor, and the defendant would be liable to pay again five-sixths of such benefits. Plaintiff's case is so inconsistent and incongruous as a whole that the result presents, to my mind, a clear case of miscarriage of justice.

I think the verdict ought to have been set aside.