TRUNK & GORDON, Appellees, v. JOHN J. CLARK, Appellant.

Contracts of architects: CARE REQUIRED: SUBMISSION OF ISSUES.
1  Architects employed to furnish plans and specifications for a building are bound to use a reasonable degree of skill in their preparation, so that if followed a building of the kind called for will be produced, without marked defects in character, strength or appearance; and where there was evidence tending to show imperfections in the structure, the question of whether the architects used reason-

able care in the preparation of the plans and specifications was for the jury.

**Same:** DEFECTIVE PLANS AND SPECIFICATIONS: MEASURE OF DAMAGES. Where the owner of a building counterclaimed in a suit by the architects for their compensation, on the ground that there were defects in the structure caused by the alleged negligence in preparing the plans and specifications, the measure of his recovery for such defects as could be remedied with reasonable expense is the cost of correcting the same; but if the defects are so intimately connected with the construction of the building that they can not be remedied at reasonable expense, the measure of damages is the difference in value of the building as constructed and its value as it would have been if constructed on correct plans and specifications.

*Appeal from Taylor District Court.*—Hon. H. K. Evans, Judge.

Thursday, February 12, 1914.

Action at law to recover for services alleged to have been rendered for the plaintiff pursuant to an oral contract. There was a jury trial, and at the close of the evidence the court directed a verdict for the plaintiffs for the amount of their claim. The defendant appeals.—*Reversed.*

*Frank Wisdom,* for appellant.

*W. M. Jackson* and *G. L. Zwick,* for appellees.

Weaver, J.—The plaintiffs are architects doing business at St. Joseph, Mo. The defendant is a resident of Bedford, Iowa, and being desirous of erecting a building there containing two stores and an opera house entered into an agreement with plaintiffs, who were to furnish the necessary plans and specifications and to make inspection of the work from time to time during its progress. In their petition plaintiffs allege that for the services so to be performed defendant agreed to pay compensation equal to two and one-half per cent. of

the entire cost of the building. They further allege that they did the work as agreed; that the building had been completed at an aggregate cost of about $17,500 and that at the agreed compensation therefor amounts to the sum of $437.50. In addition thereto they say that under their original agreement they were required to make but three inspections of the work during its progress, which service they did in fact perform, but that at the request of defendant they made four other visits to Bedford for that purpose, and that such services were worth $40, also that they thereby incurred expense to the amount of $14. On these allegations they demand recovery in the sum of $491.50, with interest. Answering the petition, defendant first enters a general denial. In another count he admits that he employed plaintiffs to furnish plans and specifications for his building, and to make three different inspections of the work, the final inspection to be made when the building was finished. He further says that for the services so to be performed he undertook to pay their reasonable value, the amount thereof to become due and payable when the building was finally completed, accepted and approved, but he alleges that the building is not yet complete, has not been finally inspected, approved, or accepted, and that therefore nothing is yet due or payable to the plaintiffs. In a third count defendant pleads that the plans and specifications furnished by plaintiffs were so negligently drawn and prepared as to be entirely worthless, and that plaintiffs failed and neglected to inspect the building as agreed, and neglected to furnish proper details for the contractor, and that by reason of such default on their part he has suffered damage as follows: (a) In the fact that the plan of the opera house was so defective that occupants of the private boxes have no view of the stage, and that to remedy such defect will cost $500; (b) in the fact that the trusses over the stage were so erroneously placed as to compel the cutting off of valuable curtains, $50; (c) in the fact that the arch over the vestibule in the two storerooms was so un-

skillfully planned as to bulge the sustaining walls, rendering large expense necessary to correct the same, $250; (d) in the fact that plaintiffs, in planning the basement, negligently failed to provide proper means of ingress and egress for the engine room and dressing rooms, the correcting of which defects will cost, $50; (e) in the fact that plaintiffs negligently failed to provide ventilation for the storerooms, to defendant's damage in the sum of $25; (f) in the fact that the plans, specifications and details were so defectively prepared that the pillars under the balcony had to be cut off and the balcony lowered, and that in attempting to correct this defect plaintiffs caused one side of the balcony to be lower than the other, all to defendant's damage in the further sum of $250. In their reply plaintiffs deny the counterclaims in every respect, and say, in substance, that so far as any of the alleged defects in the building do exist, they are the result of departures from the plans and specifications furnished by them, and of changes ordered or caused to be made by the defendant himself.

The plaintiffs' motion for a directed verdict, which was sustained by the court, is based upon the following grounds: (1) That it appears without dispute that the plaintiffs were employed to do the work mentioned and to make three trips of inspection to Bedford; (2) that the uncontradicted evidence shows that the cost of the building was $13,460, on which plaintiffs are entitled to recover two and one-half per cent. compensation; (3) that the uncontradicted evidence shows that plaintiffs have fully performed their contract, and are entitled to recover two and one-half per cent. of said cost of the building, and for the further amount charged by them for additional trips of inspection. The motion was sustained generally.

The question we have to consider is whether, under the record as made, there was any issue which should have been submitted to the jury. So far as the terms of the original contract are concerned, concerning the services which plain-

tiffs were to perform, the compensation they were to receive, and the actual cost of the building upon which, if entitled to recover, their compensation or percentage is to be computed, there is no material conflict in the evidence, and if this were alone the subject of litigation, we should not be inclined to disturb the order of the district court directing a verdict. So, also, as to defendant's plea in abatement that plaintiffs' compensation was not to become due until the building was completed and accepted, we think the trial court made no mistake in overruling it. The plaintiffs did not contract to erect the building, or to be in any manner responsible for the faults or the negligence of the contractor who did erect it. If there was any agreement that the payment to plaintiffs should wait the completion of the work, we think it must be construed as having reference to the completion of the work of the plaintiffs as architects, and not a completion of the work of defendant or his contractor.

When, however, we come to consider the issue on defendant's counterclaim, we are of the opinion there was error in withdrawing it from the jury. As practicing architects, plaintiffs were bound to furnish plans and specifications prepared with a reasonable degree of technical skill, and such as would produce, if followed and adhered to, a building of the kind called for, without marked defects in character, strength, or appearance. It is the claim of the defendant that in several respects plaintiffs' work falls short of this standard, and there is evidence tending to support his claim in this respect. This is especially true as to the alleged defects in the plans of the boxes and mistake in the height of the balcony and the length of the supporting pillars. It is also true in some degree of the structure over the stage, and the arch over the store entrance and certain other alleged omissions or mistakes in the plans, specifications, and details. We have to admit that the testimony in behalf of defendant is not so full and complete as to be entirely satisfactory, but we cannot say that his

1. CONTRACTS OF ARCHITECTS: care required: submission of issues.

claims were wholly without support in the record. It is true that plaintiffs testify that the trouble in nearly all these particulars has been occasioned by the failure of defendant to follow the plan made for him, and by changes which he has directed or authorized. But this we think only emphasizes the correctness of our conclusion that the issues should have gone to the jury. To say the least, the facts in this respect are in dispute. In view of the fact that the case must be retried, we shall not attempt to treat the testimony in detail, or to suggest any opinion upon its weight or value.

The defendant also complains of certain rulings upon questions of evidence. He offered testimony of what it would reasonably cost to rearrange the boxes to avoid the defect complained of. Similar testimony was offered as to reasonable cost in replacing or repairing the defective arch over the door. All offers of this nature were refused as being irrelevant, incompetent, and immaterial and not the proper measure of damages. In one of its rulings the court intimated "without determining it," that the proper measure of damages would be the difference between the value of the building as it is and its value as it would have been if made upon correct plans and specifications, but all testimony of this character was also disallowed. It may well be doubted whether the record calls for a statement by us of the true measure of damages in such case, but it would seem to be the rule of reason, as we think it is the rule of law, that where the defect complained of is of such character that it may be corrected without unreasonable or disproportionate expense, such expense will properly measure the damage so sustained; but if the defect be so intimately connected with the body of the structure, or so inheres in some permanent part of such structure that it cannot be remedied at reasonable expense, or without tearing it down or rebuilding it, or some material part of it, then the rule suggested by the trial court would be applicable. See *Schreiner v. Miller*, 67 Iowa, 91. Certainly the

2. SAME: defective plans and specifications: measure of damages.

property owner, who without fault on his part has suffered damage, has some remedy and should be permitted to show the extent of his injury.

We are therefore disposed to hold that appellants' exceptions to the exclusion of his evidence on the measure of damages must be sustained. In thus disposing of the case, we must not be understood as expressing any opinion upon the merits of the fact controversy between the parties. We go no further than to find that the issues should have been given to the jury, and for that purpose a new trial is ordered and cause remanded.—*Reversed*.

LADD, C. J., and PRESTON and EVANS, JJ., concur.