ARMSTRONG PAVING PRODUCTS, INC., Appellant, v. N. S. NIELSEN, Appellee.

No. 41462.

NOVEMBER 15, 1932.

Brown, Brown & Harvey, for appellant.

Hall & Mitchell, for appellee.

FAVILLE, J.—The parties to this action entered into a written contract for the construction of a driveway on premises belonging to the appellant. The written instrument in part is as follows:

"We will charge you for this drive at 24c per square foot over all. Payable $100.00 on completion, the balance by September 1, 1930, either in cash or your ninety-day, 6% note dated September 1, 1930.

"As explained to you, in consideration of payment as above specified, we agree to repair at our own expense any defects which may occur in this pavement within five years from date of installation."

The contract was made June 19, 1930. The $100 referred to therein was not paid until August 27 of that year. No note was given or cash payment made on September 1, 1930. Later, at a date which does not appear from the record, a note was given for the balance due. On December 10, 1930, a portion of said note was paid and the note in suit given for the balance. No question is raised in this action of the appellant's right to recover the amount due on said note. The appeal presents solely questions arising out of the appellee's counterclaim. By said counterclaim the appellee contends that the driveway provided for in said contract was not properly constructed, and that it became necessary to make repairs on the driveway to put it in proper condition; and appellee sought damages for the reasonable and necessary cost of said repairs. The jury found for the appellee on the counterclaim and fixed the amount of damages at the fair and reasonable cost of repairs as shown by the evidence.

I. It is contended by the appellant that the measure of damages for breach of this contract was not the fair and reasonable cost of the necessary repairs to the driveway, but that the true measure of damages in the case is the difference in value of the real estate with and without the completed improvement. The appellant is in error in this contention. By the terms of the contract the parties contemplated the possibility of repairs to the improvement after it was constructed and within a period of five years. The written contract bound the appellant by agreement of the parties to repair at its own expense any defects which might occur in the pavement within five years from the date of installation. It is not a case where the parties contracted for the construction of a perma-

nent improvement to real estate, and there was a total failure to perform such contract, as for example, Fallon v. Amond, 153 Iowa 504, where the contract was for the construction of a permanent improvement by placing a tile ditch across a farm and the contract was in no manner performed. In the case at bar the improvement was made as agreed upon between the parties and the contract itself provided for repairs to this improvement. Obviously, under the very terms of the contract, the proper measure of damages is the fair and reasonable expense of the repairs which the appellant contracted to make. The contract itself clearly evidences the intention of the parties, and the fair and reasonable "expense" of said repairs constitutes the proper measure of damages. Mihills Manufacturing Co. v. Day Brothers, 50 Iowa 250; Wragg & Son v. Mead, 120 Iowa 319; Snyder v. Sargeant, 197 Iowa 475; Grell v. Lumsden, 206 Iowa 166, and cases cited.

II. The appellant contends that the appellee is not entitled to recover for such repairs because of the provision of the contract with regard to the payments to be made thereunder by the appellee. It is to be noticed that the contract provides that "$100 is to be paid in cash and the balance either in cash or in a ninety-day six per cent note dated September 1, 1930." The contract also provides that "in consideration of payment as above specified" the appellant is to repair any defects at its own expense. The appellant contends that the words "payment as above specified" are a condition precedent to the right of the appellee to recover for the cost of the repairs. Appellant contends that in no event could it be liable for the repairs unless the appellee made the payments strictly and literally as specified in the contract, and that the $100 cash payment was not made on September 1, but at a later date, and that a note was not given on September 1, but some time thereafter, and that when said note had been partly paid, the note in suit was given as a renewal of the balance.

We cannot agree with the appellant that it was entitled to a directed verdict upon this ground. Time was in no way made of the essence of the contract, and it affirmatively appears that the amount of cash named in the contract was paid to the appellant and a note was given, the difference being that the note does not appear to have been made on the 1st day of September, 1930, but at a later date. Construing the contract as a whole, we are clearly of the opinion that the execution of the note upon the date specified in the

contract was not a condition precedent to the appellee's right to recover for the expense of repairs made necessary by defects in the pavement. The amount to be paid under the contract was left to be determined by the number of square feet in the pavement at a price of 24c per square foot over all. The clause in question, as above specified, we think had reference rather to the amount to be paid by the appellee than to the precise time of the payment or execution of the note. The parties by their conduct evidently placed this construction upon the contract. The note was given after September 1, and accepted by the appellant. Partial payment was made thereon and the note in suit renewed and accepted by the appellant. Obviously, the parties construed the clause in question to be one referring to the amount of payment rather than to the date thereof.

The judgment is—Affirmed.

. STEVENS, C. J., and DE GRAFF, ALBERT and WAGNER, JJ., concur.