Jules M. BUSKER and Anne J. Busker, Appellees,

v.

Theodore P. SOKOLOWSKI, Appellant.

Doris M. SOKOLOWSKI, Appellee,

v.

STANDARD READY MIX CONCRETE COMPANY, Appellee.

No. 55127.

Supreme Court of Iowa.

Dec. 20, 1972.

O'Brien, Galvin & O'Brien, Sioux City, for appellant.

R. J. Crary, Sioux City, for appellees Jules M. Busker and Anne J. Busker.

John B. Anderson, Sioux City, for appellee Standard Ready Mix Concrete Co.

Heard before MOORE, C. J., and Le-GRAND, UHLENHOPP, REYNOLD-SON and McCORMICK, JJ.

McCORMICK, Justice.

Trial court awarded plaintiffs judgment for $2497.00 against defendant Theodore P. Sokolowski predicated upon breach of oral contract and oral express warranty. The action was dismissed by agreement as to defendant Doris M. Sokolowski. Defendant's cross-petition against Standard Ready Mix Concrete Company was dismissed at the close of his evidence. Appeal from the order of dismissal has been abandoned. This appeal therefore involves only defendant Theodore P. Sokolowski's challenge of plaintiffs' judgment against him.

He raises three principal questions: 1) Are trial court's findings supported by sufficient evidence? 2) Did trial court err in excluding evidence of defendant as to custom and usage? 3) Did trial court use the proper measure of damages? We affirm in part, reverse in part, and remand with directions.

I. *Sufficiency of the evidence.* Trial court's findings of fact in this law action tried to the court are binding upon us if supported by substantial evidence. Rule 344(f)(1), Rules of Civil Procedure.

The record discloses substantial evidence from which trial court could find: Defendant is an experienced house builder.

Plaintiffs in May or June 1965 approached him with a rough floor plan for a house. After considerable discussion he agreed to build them a "first-class house" for $29,-983 on a lot purchased by him. He prepared a scale drawing which he filed with the City to obtain a building permit. Construction details were never reduced to writing. Plaintiffs relied upon defendant to use good quality materials and workmanship. With the exception of exterior concrete work and minor interior flaws, it appears defendant did employ proper materials and workmanship. Plaintiffs took possession December 31, 1965. By spring they began to observe defects in the concrete driveway, garage floor, and patio. Cracks and pits began to appear. Large cracks developed just outside the garage door and then in the garage floor. The driveway and later the garage floor began to heave, interfering with proper drainage and preventing the garage door from closing. The patio dropped alongside the house and cracked across its entire width. By the time of trial it had settled two inches, and an adjacent sidewalk had tipped toward the house. Plaintiffs counted 984 "pop-outs," pits ranging from one-half to four inches in diameter, in the driveway surface. Inside the home plaintiffs discovered the kitchen sub-floor was loose, nail poppings appeared in fiberboard in two bedrooms, and a crack developed in the corner of a bedroom wall.

Testimony linked the driveway and garage floor cracking and heaving to defendant's failure to place the garage footings below the frost line. The driveway pop-outs were attributed to use of concrete with gravel instead of limestone aggregate. There was also evidence the strength of the concrete may have been reduced by defendant's use of excessive water in installing it. Patio settling was blamed upon building it on fill without anchoring it either to the foundation of the house or to the earth below the fill. The interior wall defects were described as normal new construction sheetrock problems.

■ In construction contracts it is implied, unless there is express contrary agreement, that "the building will be erected in a reasonably good and workmanlike manner and will be reasonably fit for the intended purpose." Markman v. Hoefer, 252 Iowa 118, 123, 106 N.W.2d 59, 62 (1960), and citations. There is sufficient evidence to show breach of contract in this case. Similarly, there was substantial evidence of breach of the express warranty to build a "first-class house." Cf. Hawkeye Security Insurance Co. v. Ford Motor Co., 199 N.W.2d 373, 382–383 (Iowa 1972).

■ II. *Custom and usage evidence.* Defendant sought to offer evidence of custom and usage in the construction industry in the Sioux City area affecting certain construction details. However, when objections were sustained he made no offers of proof to show what custom and usage he claimed existed as to the construction practices involved. He thereby failed to preserve any error. Kengorco, Inc. v. Jorgenson, 176 N.W.2d 186, 189 (Iowa 1970), and citations.

■ The only offer of proof in the record concerns testimony by a City building inspector, mainly involving his custom as to inspection of defendant's houses and favorable inspection results. We agree with trial court that the results of inspection of other houses built by defendant would not be relevant. To the extent any of the evidence in the offer of proof was relevant, the facts involved were fully established by other testimony of the witness. No reversible error appears. See Kengorco, Inc. v. Jorgenson, *supra.*

III. *Measure of damages.* Trial court's award was based upon its view of the "difference between the value of the house as it was at the time of trial and the value of the house as it would have been if constructed in accordance with the contract and * * * warranty," (offset by $253 allowed defendant for extras). There was

testimony estimating the difference in value to be $3000 to $5000. However, plaintiffs offered evidence the defective exterior concrete could be removed and properly replaced for $1180. Defendant testified it could be adequately repaired for $600 to $650. The only estimate for interior repair was defendant's opinion it could be done for less than $20.

Under this record trial court erred in applying the "reduction in value" rather than the "cost" rule. "As a general rule, the measure of damages is the cost of correcting the defects or completing the omissions, rather than the difference in value between what ought to have been done in the performance of the contract and what has been done, where the correction or completion would not involve unreasonable destruction of the work done by the contractor and the cost thereof would not be grossly disproportionate to the results to be obtained." 13 Am.Jur.2d Building and Construction Contracts § 79 at 79. "For a breach by defective construction, * * * the injured party can get a judgment for damages measured by the reasonable cost of reconstruction and completion in accordance with the contract, if this is possible and does not involve unreasonable economic waste." 5 Corbin on Contracts § 1089 at 485.

In this case the cost rule should have been used since the repairs involved would not require unreasonable destruction or disproportionate cost. Even if the concrete had to be replaced as claimed by plaintiffs, the house itself would be little affected and the cost is modest in comparison to the claimed reduction in value of the premises caused by the construction flaws. The cost rule has been held applicable in analogous situations. See Farrington v. Freeman, 251 Iowa 18, 99 N.W.2d 388 (1959); Huffman v. Hill, 245 Iowa 935, 65 N.W.2d 205 (1954); Armstrong Paving Products, Inc. v. Nielsen, 215 Iowa 238, 245 N.W. 278 (1932); F. E. Marsh & Co. v. Light and Power Co., 196 Iowa 926, 195 N.W. 754 (1923); Trunk & Gordon v. Clark, 163 Iowa 620, 145 N.W. 277 (1914); see also Stillinger & Napier v. Central States Grain Co., 164 Neb. 458, 82 N.W.2d 637 (1957); Bellizzi v. Huntley Estates, Inc., 3 N.Y.2d 112, 164 N.Y.S.2d 395, 143 N.E.2d 802 (1957); annot. 76 A.L.R.2d 805 et seq. Trial court's reliance upon Hansen v. Andersen, 246 Iowa 1310, 71 N.W.2d 921 (1955) is misplaced because the court there found the necessary construction changes could not be done at reasonable expense. We need not decide whether, if the reduction in value rule were applicable, trial court erred in using values as of the time of trial rather than as of the time the house was completed.

IV. *Mandate upon remand.* A new trial, even limited to the issue of damages, does not appear necessary. The record reveals the parties fully explored the issue as to reasonable cost of repair, and trial court erred only in choosing the rule of law governing the measure of recovery. "Where, in a case tried by the court without a jury, the trial court errs as to the rule of law to be applied in considering the evidence in making its findings, the appellate court should vacate the findings made and remand the case with directions to reconsider the entire record and make new findings in the light of the applicable rule of law." 5 Am.Jur.2d Appeal and Error § 966 at 393; see also Houlahan v. Brockmeier, 258 Iowa 1197, 1205, 141 N.W.2d 545, 550 (supp. 258 Iowa 1205, 141 N.W.2d 924) (1966).

The case will be affirmed as to liability and reversed and remanded for assessment of damages upon the existing record by employment of the cost rule as herein discussed. Plaintiffs' award will be offset by $253 previously determined as the value of extras for which defendant has not been compensated.

Defendant's other assignments of error are moot. Appeal costs are taxed one-half to plaintiffs and one-half to defendant.

Affirmed in part, reversed in part, and remanded with directions.