Dye, J.
The defendant-respondent, a real estate developer, on or about August 19, 1950, contracted to sell to the plaintiff-appellant a lot designated as No. 235 in its development and to build a house thereon in accordance with its demonstration model known as '‘ The 1951 Kent ’ ’ which, among other features, had an attached garage with an access driveway substantially at street level. When the construction work was commenced, the defendant encountered rock close to the surface and, instead of excavating same, as might have been done without too much trouble at the time, it placed the house thereon, with the result that from the entrance of the garage to the street, a distance of 43 feet, there was a difference in elevation of 9 feet and 8 inches. This amounted to a 22%% grade, which is so steep that the driveway cannot be used safely and conveniently. As a matter of fact, the evidence shows that a grade of 12% is considered the permissive maximum. While the plans are silent as to the grade of the driveway, the defendant does not now claim that the grade of the existing driveway is reasonable or that plaintiff has no cause for complaint. It defends against plaintiff’s claim for damages on the sole ground that the trial court erred when it excluded evidence offered by it as to the value of the property and should not have refused to charge that the measure of damages ‘ ‘ is the difference between the value of the building as constructed and its value had it been constructed conformably to the contract or the cost of repairs, whichever is the lesser.” Instead, the trial court charged in substance that the measure of damage is ‘ ‘ the fair *115 and reasonable cost to remedy the defect in this controversy or to get a reasonably usable driveway
The Appellate Division adopted the defendant’s contention largely in reliance on Jacob & Youngs v. Kent (230 N. Y. 239, 244). In that case, we had applied the “ difference in value ” rule simply because the proof failed to show any substantial damage or loss in value, since the wrought iron galvanized pipe, as furnished, was substantially the same in quality, weight, market price, serviceability and appearance as pipe of ‘ ‘ Beading ’ ’ manufacture called for in the contract specifications and that the cost of replacing same with the “ Reading ” pipe as specified ' ‘ would be great, but the difference in value * * * would be either nominal or nothing in other words, replacement of the pipe, under the circumstances in that case, would have constituted economic waste.
However, this litigation poses an entirely different kind of breach, the consequence of which is to burden plaintiff with an unusable, unsafe and unsightly driveway. While it is unfortunate that the defendant elected to build the garage at an unsuitable elevation in order to avoid the cost of excavating unforeseen rock and that to correct the defect will now cost much more than initially, nonetheless, that loss should not fall on the innocent owner whose protests made at the time were put off by the president of the defendant corporation with assurances not to worry, that when finished the grade would not exceed 10% and that the plaintiff would be happy when he got into his home.
The “ difference in value ” rule in defective performance of construction contracts seems to be applied only when it would be unfair to apply the general rule (cf. Jacob & Youngs v. Kent, supra). In a case such as the present when the variance is so substantial as to render the finished building partially unusable and unsafe, the measure of damage is ‘ ‘ the market price of completing or correcting the performance ” (5 Williston on Contracts [Rev. ed.], § 1363, p. 3825; 2 Sedgwick on Damages [9th ed.], § 644, p. 1293; 1 Restatement, Contracts, § 346, subd. [1], par. [a]). It is only “If the defect is not thus remediable, damages are based on the difference between the value of the defective structure and that of the structure if properly completed. ” (5 Williston on Contracts, supra, pp. 3825-3826.) This rule we have long applied (Smith *116 v. Brady, 17 N. Y. 173; Crouch v. Gutmanm, 134 N. Y. 45; Spence v. Ham, 163 N. Y. 220; Schultze v. Goodstein, 180 N. Y. 248; Cawley v. Weiner, 236 N. Y. 357; Nieman-Irving & Co. v. Lazenby, 263 N. Y. 91).
Here, there is uncontradicted evidence that the dangerous and unsatisfactory driveway can be corrected. When that is done, the plaintiff will have received no more than he was entitled to under his contract and the defendant will have given no more than it obligated itself to furnish.
The order appealed from should be reversed, and the judgment of the County Court reinstated, with costs in this court and in the Appellate Division.
Conway, Ch. J., Desmond, Fuld, Froessel, Van Voorhis and Burke, JJ., concur.
Ordered accordingly.