■ Chevron Oil Company, Respondent, v. Atlas Oil Co. of Utica, Inc., Appellant Memo-randum: In affirming we state briefly our reasons therefor. Prior to Sep-tember 1, 1963 — the effective date of CPLR — a party liable on one portion of a contract, in an action brought against him thereon, could counterclaim for damages for breach of another part of the same contract, even though the cause of action set forth in the counterclaim would be outlawed if an independent action were brought thereon. (Carmody-Wait, New York Practice, p. 451 and cases therein cited.) But such a counterclaim based upon a tort could not be asserted in an action brought on contract. (Fish v. Conley, 221 App. Div. 609; Hammill v. Curtis, 18 A D 2d 749.) This distinction was eliminated by CPLR 203 (subd. [c]) which permits assertion of the outlawed counterclaim if it "arose from the transactions, occurrences, or series of trans-actions or occurrences, upon which a claim asserted in the complaint depends". (Cf. 1 Weinstein-Korn-Miller, N. Y. Civ. Prac. par. 203.25.) The complaint herein is based on contract. The asserted counterclaim is based on the alleged negligent act of the agents and servants of plaintiff in damaging defendant's pier while delivering merchandise for which plaintiff seeks to recover the agreed price. The alleged act occurred on October 6, 1959 and was barred at the end of three years (Civ. Prac. Act, § 49, subd. 7). This, of course, predated the effective date of CPLR by nearly a year. Thus, the ameliorative provisions of CPLR 203 (subd. [c]) are not available to defendant (CPLR 218, subd. [a];

3019, subd. [d]). Defendant contends, however, that the counterclaim is based on negligent performance by plaintiff of its implied contract to make safe delivery of the oil to appellant's tanks. It is recognized that frequently the conduct of a defendant may be properly regarded as both a tort and a breach of contract (cf. 5 Corbin, Contracts, § 1019; *Busch* v. *Interborough R. T. Co.,* 187 N. Y. 388, 391). If the damage had been to the oil the rule would have been applicable. Contract obligations, however, are generally limited to consequences which the parties had in mind when they made their bargain. (2 Harper & James, Law of Torts, § 18.6, pp. 1049–1050.) We conclude that the triers of the fact could not by any rational process find that the damage to the pier was a breach of the contract for safe carriage and delivery of the oil because such damage was not foreseeable or within the contemplation of the parties when the contract was made. (13 N. Y. Jur., Damages, § 46; Restatement, Contracts, § 330.) Such damage was caused by the vessel in which the oil was carried and was an accidental collateral injury that bore no relationship to the implied promise of plaintiff to safely transport and deliver the oil. (Cf. *Reddick* v. *McCallister Lighterage Line,* 258 F. 2d 297, cert. den. 358 U. S. 908.) (Appeal from judgment and order of Oneida Special Term granting summary judgment.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.