**BRINK'S INC., Plaintiff and Defendant on Counterclaim,**

v.

**The CITY OF NEW YORK, Defendant and Counterclaimant.**

**BRINK'S INC., Third-Party Plaintiff,**

v.

**John ADAMS, Anthony De Nardo, Trevor Fairweather, Richard Florio, James Gargiulo, Jorge Olivari and Michael Solomon, William J. Donovan, Francis Gitto, Ramon Hernandez, William McInerney, Anthony San Marco, Jose Rodriguez, James Springett, John Barrera and Joseph Nardo, Third-Party Defendants.**

**No. 80 Civ. 6975.**

United States District Court, S. D. New York.

March 5, 1982.

Milgrim, Thomajan, Jacobs & Lee, New York City, for plaintiff and third-party plaintiff Brink's Inc.; Robert A. Meister, New York City, of counsel.

Allen G. Schwartz, Corp. Counsel, New York City, for defendant The City of New York; Jefferey E. Glen, Sp. Asst. Corp. Counsel, New York City, of counsel.

Philip M. Kovitz, New York City, for third-party defendant Jose Rodriguez.

Peter D. Cooper, Brooklyn, N. Y., for third-party defendant William J. Donovan.

MEMORANDUM

EDWARD WEINFELD, District Judge.

Brink's moves for leave of the Court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to amend its reply to the counterclaims of The City of New York ("City") to include as a claim for equitable recoupment monies it alleges are due it for services rendered under its parking meter collection contract with the City. New York C.P.L.R. section 203(c) provides that a defendant may interpose as a recoupment any claim arising out of the same transaction, even though an independent action by the defendant on the claim would be time

barred. Thus, while no affirmative judgment may be entered on the claim, the statute does allow such claim to be used as a defense to offset any award made against it.[1]

The claim Brink's now seeks to assert as a recoupment was dismissed by this Court on December 29, 1981 as time barred by the six-month limitations period contained in the parties' contract. 528 F.Supp. 1084. Since the City's counterclaim against Brink's is for breach of that contract and conversion of parking meter revenues, Brink's claim is clearly one that arises "from the transaction, or occurrence . . . upon which a claim asserted in the complaint depends."[2] The City's argument that section 203(c) does not apply because the statute uses the term "complaint," whereas in the instant case Brink's is attempting to assert the recoupment against a "counterclaim" is without merit; indeed, it borders on the frivolous.[3]

Leave to file an amended pleading under Rule 15(a) should "be freely given when justice so requires," unless the party seeking to amend is guilty of undue delay, or bad faith, or unless permission to amend would unduly prejudice the other party.[4] Brink's motion to amend was not made with undue delay being filed twenty days after this Court held that its claim for recovery was barred. Nor will any prejudice result to the opposing party as Brink's claim that monies are due under the contract has been a claim in the lawsuit since its inception.

Brink's motion for leave to amend its reply to the City's counterclaim is granted; its motion seeking summary judgment on the claimed set-off is denied. Amendment of the reply will not affect the order of opening or closing statements. So ordered.

---

1. *See SCM Corp. v. Fisher Park Lane Co.*, 40 N.Y.2d 788, 358 N.E.2d 1024, 390 N.Y.S.2d 398, 401 (1976).

2. *See Rochester-Genesee Regional Transportation District, Inc. v. Trans World Airlines, Inc.*, 86 Misc.2d 1011, 383 N.Y.S.2d 856 (1976); *Chevron Oil Co. v. Atlas Oil Co.*, 28 A.D.2d 644, 280 N.Y.S.2d 731 (1967).

3. *See* C.P.L.R. § 3019(a) ("A cause of action contained in a counterclaim or a cross-claim shall be treated, as far as practicable, as if it were contained in a complaint. . ."); *Seligson v. Chase Manhattan Bank, N.A.*, 50 A.D.2d 206, 376 N.Y.S.2d 899, 903 (1975).

4. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979).