■ LEE GOLDIN et al., Appellants, v CONWAY MOTORS, INC., Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Samenga, J.), dated July 25, 1985, which denied their motion for leave to serve an amended complaint to add a claim for punitive damages.

Order affirmed, with costs.

The complaint alleges that the plaintiff Shirley Goldin was injured when she tripped over a rope in the defendant's establishment. The deposition of the defendant's general manager, which the plaintiffs rely upon in their motion to amend, reveals that the rope was two feet long, about the thickness of a clothesline, discolored from use, was attached to the bottom of an overhead garage-type door, and was used to pull the door closed. In our view, these facts do not justify a claim for punitive damages. Contrary to the conclusory allegations in the amended complaint, as a matter of law, the alleged conduct was not so gross, wanton or willful, or of such high moral culpability, as to entitle the plaintiff to an award of punitive damages (see, Walker v Sheldon, 10 NY2d 401; Bader's Residence for Adults v Telecom Equip. Corp., 90 AD2d 764). Hence the proposed amendment was totally devoid of merit (Krupp v Aetna Life & Cas. Co., 104 AD2d 857), and the motion was properly denied. Lazer, J. P., Mangano, Brown and Weinstein, JJ., concur.