■ JAY A. KAISER, Appellant, v JACK FISHMAN, Respondent. (Action No. 1.) JACK FISHMAN, Appellant-Respondent, v JAY A. KAISER, Respondent-Appellant, et al., Defendants. (Action No. 2.)—In consolidated actions, *inter alia,* to recover damages for breach of contract and breach of warranties (action No. 1) and to foreclose a mortgage (action No. 2), (1) Jack Fishman appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Orgera, J.), entered July

2, 1985, as, after a nonjury trial, *inter alia,* is in favor of Jay A. Kaiser in the principal sum of $6,721.30, and declared the purchase-money mortgage formerly due from Kaiser to Fishman be deemed satisfied, and (2) Kaiser cross-appeals from the same judgment on the ground of inadequacy, and from an order of the same court, dated March 26, 1984, which denied his motion to amend his complaint to add a new cause of action.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, without costs or disbursements, and a new trial is granted solely on the issue of damages, consistent herewith; the findings as to liability are affirmed.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the consolidated action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the cross appeal from the judgment (CPLR 5501 [a] [1]).

The parties entered into a contract pursuant to which Fishman agreed to complete the construction of a dwelling located at Dune Road in Westhampton, and Kaiser agreed to purchase the completed structure for a price of $190,000, which was to be financed in part by a $50,000 purchase-money mortgage payable to the defendant. Fishman furnished Kaiser with a set of plans and specifications which were ultimately made part of the contract, and, with the exception of some minor, agreed-upon architectural changes, the contract provided that Fishman would build the dwelling in conformity with the plans. Shortly after the closing date, Kaiser took up residence in the dwelling and began to notice numerous defects in the structure, such as "the house shaked *[sic]* excessively", and when people walked up the front steps or through the living room, the house would vibrate. Thereafter, Kaiser reported these and other problems to Fishman, and the parties attempted for some time to work things out on their own. After prolonged efforts failed to resolve the problems, the instant actions were instituted.

The credible evidence adduced at the trial of these consolidated actions established that the dwelling deviated considerably from the original plans and specifications, most notably in that the dwelling was built on 14 pilings rather than 20 pilings as called for in the plans, and that the floor joists on

the first and second floors were made of "two by eights" rather than the "two by tens" called for in the plans. Further, it was proven that Fishman was aware of all substitutions and changes which were made on the dwelling. The court found that Fishman was liable for breaching the contract and awarded damages to Kaiser.

On this appeal and cross appeal, both parties challenge, on different grounds, the trial court's determination that the diminution in value, rather than the cost to cure the breach was the applicable measure of damages. Our review of the trial record and the relevant case law reveals that the trial court's determination was erroneous under the particular circumstances of this case. In concluding that the "value" method was the applicable measure of damages in this case, the trial court stated: "Where the breach of a building contract is so substantial as to render the finished building unusable and unsafe, the measure of damages is the market price to cure the breach, but where the breach does not render the building unusable or unsafe and where the cost to cure is so out of proportion to the good to be attained, the damages are based on the difference between the value of the structure as built and that of the structure if built in accordance with the contract *(Bellizzi v. Huntley Estates,* 3 N.Y.2d 112, 164 N.Y.S.2d 395)".

While we agree that these principles of law will generally be applied in circumstances where there has been substantial performance and the cost of completion or repair would be unreasonably wasteful, there are other factors which the courts must consider in determining what other measure of damages is to be applied, and that is, whether or not the contract was breached intentionally and whether or not the party acted in good faith *(see, American Std. v Schectman,* 80 AD2d 318, *lv denied* 54 NY2d 604). In the case at bar, the trial court failed to consider these factors. Since the record clearly shows that Fishman was at all times aware of the variations from the plans and specifications, and, in fact, had authorized them, we conclude that it was error for the trial court to apply the diminution in value measure of damages. As stated by the Court of Appeals in the seminal case of *Jacob & Youngs v Kent* (230 NY 239, 241-244):

"[A]n omission, both trivial and innocent, will sometimes be atoned for by allowance of the resulting damage, and will not always be the breach of a condition to be followed by a forfeiture * * *

"Nowhere will change be tolerated, however, if it is so

dominant or pervasive as in any real or substantial measure to frustrate the purpose of the contract * * * There is no general license to install whatever, in the builder's judgment, may be regarded as 'just as good' * * * The willful transgressor must accept the penalty of his transgression * * * For him there is no occasion to mitigate the rigor of implied conditions".

Thus, it is clear that, under the facts and circumstances of this case, the proper measure of damages to be applied is the cost to cure.

Furthermore, we find that Kaiser is entitled to reimbursement for the out-of-pocket expenditures that he made on repairs which stemmed from the breach. At trial, Kaiser presented uncontroverted evidence regarding his efforts to rectify some of the deficiencies caused by Fishman's breach. However, this evidence was erroneously disregarded by the Trial Judge, who made no findings at all with respect to these issues. Insofar as it is well established that recovery may be had for reasonable expenses incurred in an effort to avoid or reduce damages (see, 36 NY Jur 2d, Damages, § 87), it was error for the court to disregard the credible evidence presented by Kaiser on his out-of-pocket expenditures which flowed directly from the breach.

On the other hand, we reject Kaiser's claim that the court should have awarded damages for his loss of rental income. The record contains ample support for the finding of the trial court that the dwelling had not been rendered unsafe or uninhabitable, particularly since Kaiser has resided in the dwelling throughout the better part of the litigation. Kaiser's assertion that the dwelling could not be rented until the necessary repairs were made was not supported by the record, given the strict standard of proof required to show that the loss of use was actually caused by the breach of contract as well as reasonably foreseeable or contemplated by the parties when the contract was made (see, Chevron Oil Co. v Atlas Oil Co., 28 AD2d 644). Kaiser has failed to establish that this dwelling could not be rented due to its defective condition.

Further, we find that the proper date for ascertaining damages in this case should be the date of trial, not the date of the breach (see, Losei Realty Corp. v City of New York, 254 NY 41; Park & Sons Co. v Hubbard, 198 NY 136).

The court properly denied Kaiser's motion to amend his complaint to add a cause of action sounding in fraud and to claim punitive damages. As Kaiser concedes in his brief, this claim is essentially duplicative of his claims for breach of

contract and breach of warranties. The conduct alleged, while sustaining Kaiser's claims for breach of contract and breach of warranties, is not so gross, wanton or willful, or of such high moral culpability as to justify an award of punitive damages *(see, Walker v Sheldon,* 10 NY2d 401, 405; *Fiesel v Nanuet Props. Corp.,* 125 AD2d 292; *Bader's Residence for Adults v Telecom Equip. Corp.,* 90 AD2d 764; *Goldin v Conway Motors,* 122 AD2d 834).

We note that the trial court erred in not giving Fishman credit for the interest due on the balance outstanding on the purchase-money mortgage.

We have reviewed the remaining contentions of the parties and find them to be without merit. Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.