■ MUNICIPAL HOUSING AUTHORITY OF THE CITY OF SCHE-NECTADY, Appellant, v CROZIER PHILIPPI ASSOCIATES, P. C., Defendant and Third-Party Plaintiff-Appellant. RSJ CON-STRUCTION CORPORATION, Third-Party Defendant-Respondent. —Casey, J. Appeal from an order of the Supreme Court (Harris, J.), entered December 30, 1991 in Albany County, which, inter alia, granted third-party defendant's motion for summary judgment dismissing the third-party complaint and plaintiff's cause of action for negligence.

Regardless of whether plaintiff's complaint, which asserts a single cause of action, is construed to allege professional malpractice or breach of contract, the scope of evidence admissible on the issue of liability is the same (see, Sears, Roebuck & Co. v Enco Assocs., 43 NY2d 389, 396). The damages recoverable in a tort claim can be broader than in a contract claim (see, supra; see also, Santulli v Englert, Reilly & McHugh, 78 NY2d 700, 709), but here plaintiff seeks to recover the cost of defendant's services and the cost of repair and replacement of the dangerous conditions created by defendant's performance of its professional and contractual obliga-

tions, damages which are properly recoverable in a contract action. Accordingly, it is our view that plaintiff was not aggrieved by Supreme Court's order, which effectively construed the single cause of action in plaintiff's complaint as alleging breach of contract.

As to the third-party action, Supreme Court correctly dismissed the third-party complaint. Third-party defendant is not a professional and its only potential liability for plaintiff's economic loss arises out of third-party defendant's alleged breach of its contract with plaintiff. In these circumstances, defendant can be held liable only for the economic loss proximately caused by its own acts or omissions and not for any of the economic loss caused by third-party defendant's breach of its contractual obligations to plaintiff. Third-party defendant, therefore, cannot be liable for contribution or implied indemnity, regardless of whether plaintiff's complaint against defendant alleges malpractice or breach of contract *(see, Facilities Dev. Corp. v Miletta,* 180 AD2d 97, 102-104). Supreme Court's order should, therefore, be affirmed.

Mikoll, J. P., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.