■ BRUSHTON-MOIRA CENTRAL SCHOOL DISTRICT, Appellant, v ALLIANCE WALL CORPORATION et al., Defendants, and FRED H. THOMAS ASSOCIATES, P. C., Respondent. [600 NYS2d 511] — Casey, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered March 2, 1992 in Franklin County, upon a decision of the court in favor of defendant Fred H. Thomas Associates, P. C.

This action arose out of the failure of certain insulated panels that were installed during the renovation of plaintiff's high school building. The panels replaced some of the windows in the building's exterior curtain walls. Defendant Fred H. Thomas Associates, P. C. (hereinafter defendant), the firm hired by plaintiff to perform architectural services in connection with the renovation project, recommended use of the particular panels. Plaintiff's complaint alleges professional malpractice and breach of contract causes of action against defendant. Also named as defendants in the action were the manufacturers of the panels and the contractor who installed them, but plaintiff settled with these two parties during the nonjury trial, which then continued against defendant alone. At the close of the proof, Supreme Court concluded that plaintiff's malpractice claim failed to state a cause of action because plaintiff sought only economic damages, which are recoverable under the breach of contract cause of action. As to the latter claim, the court concluded that plaintiff had failed to establish a prima facie case because defendant had satisfied its contractual obligation to obtain an express warranty from the manufacturer of the panels. Plaintiff appeals from the judgment entered on Supreme Court's decision.

When the rights and obligations of an owner and an architect arise out of their contractual relationship, the owner can sue in contract or in tort and the scope of evidence admissible on the issue of liability under either theory is the same *(see, Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389, 396-397).

The only differences concern the applicable Statute of Limitations and the scope of the damages that are recoverable *(see, supra)*. It follows, therefore, that when, as here, the owner seeks to recover only damages which are properly recoverable in a contract action, the owner is not aggrieved by an order which effectively requires that the action proceed under the contract theory only *(see, Municipal Hous. Auth. v Crozier Philippi Assocs.,* 190 AD2d 893). Accordingly, we see no reversible error in Supreme Court's dismissal of plaintiff's malpractice cause of action.

As to the breach of contract cause of action, we conclude that Supreme Court erred in limiting its inquiry to whether defendant breached a particular term of the contract. In addition to the evidence admissible in a normal breach of contract action, the plaintiff owner is permitted to establish the architect's breach of contract by introducing evidence, including expert testimony, to show that the architect failed to use due and reasonable care in the performance of the architect's contractual obligations or that the architect's performance fell short of the applicable professional standards *(see, Sears, Roebuck & Co. v Enco Assocs., supra,* at 396).

Plaintiff offered the testimony of a licensed engineer, and as an alternative ground for affirmance defendant contends that the expert was not qualified to render an opinion concerning the applicable standard of care for an architect. The expert testified that he had a Bachelor's degree in civil engineering and a Master's degree in materials engineering, that he was licensed in several States, had performed several jobs in New York and was familiar with the standard of practice for architects within his field of expertise during the relevant time period at issue. He explained that his specialized area of practice was in the design and evaluation of wall systems, including curtain walls that contain insulated panels. He had over 15 years of experience in the field, authored numerous professional publications and taught a continuing education course for engineers and architects on the subject at Harvard's architectural school. Based upon the undisputed evidence concerning the skill, training, education and experience possessed by the witness, we conclude that Supreme Court did not abuse its discretion in permitting him to testify as an expert *(see, Matott v Ward,* 48 NY2d 455, 459; *Locilento v Coleman Catholic High School,* 134 AD2d 39, 42).

The expert testified that the insulated panels recommended by defendant were inappropriate for plaintiff's building because of their dimensional instability when exposed to the

extreme temperature changes inherent in the climate of northern New York. The expert also opined that defendant deviated from the standard of care exercised by professionals in the community during the relevant time period because defendant relied too heavily on the product literature and recommended the panels without having prior experience with them, without visiting any sites where the panels were used, without testing the panels and without disassembling the panels to inspect the insulation. In our view, the expert's testimony was sufficient to establish a prima facie case of liability for breach of contract under the standard set forth in *Sears, Roebuck & Co. v Enco Assocs. (supra),* and in the absence of any expert evidence to the contrary, we conclude that plaintiff is entitled to judgment on the issue of defendant's liability for breach of contract.

As to damages, plaintiff seeks to recover its economic loss in the form of the cost to replace the defective panels, which is an appropriate measure of damages *(see, Municipal Hous. Auth. v Crozier Philippi Assocs., supra).* Defendant contends that plaintiff's damages must be measured as of the date of the breach, but we conclude that the rule is otherwise for damages based upon cost of repair or replacement *(see, Kaiser v Fishman,* 138 AD2d 456, 459). The parties agree that if plaintiff is entitled to recover damages, the matter should be remitted for a trial of that issue, which Supreme Court did not decide. The judgment should, therefore, be reversed and the matter remitted to Supreme Court for a trial limited to the issue of the damages caused by defendant's breach of its contract for professional services.

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is modified, on the law, with costs to plaintiff, by reversing so much thereof as dismissed plaintiff's breach of contract for professional services cause of action; judgment awarded to plaintiff against defendant Fred H. Thomas Associates, P. C. on said cause of action and matter remitted to the Supreme Court for a new trial on the issue of damages; and, as so modified, affirmed.