■ ROBERT ELBERG, Respondent, v DALI CONTRACTING et al., Appellants. [617 NYS2d 199] —In an action, *inter alia,* to recover damages for breach of a construction contract, the defendants appeal from so much of a judgment of the Supreme Court, Suffolk County (Oshrin, J.), entered January 31, 1992, as, after a nonjury trial, (1) awarded the plaintiff the principal sum of $3,830, and (2) dismissed the defendants' counterclaim for the unpaid balance of the contract price.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff and the defendants entered into a contract whereby the defendants agreed to perform certain work on the plaintiff's house, including the renovation of the master bathroom. The contract price was $6,217, of which the plaintiff paid $5,217 before the completion of all the work. After the defendants failed to complete the work in a workmanlike manner, the plaintiff brought an action for rescission and in the alternative for money damages. In his suit for damages, the plaintiff alleged that the work performed by the defendants was substandard and incomplete, and would have to be corrected and completed at a substantial cost. A bench trial was held, and after taking relevant testimony and viewing a videotape of the premises, the Supreme Court found that the defendants had breached the contract and that the plaintiff was entitled to $3,830 in damages.

Contrary to the defendants' contention on appeal, we find that the evidence provides ample support for the Supreme Court's determination that the defendants breached the contract by failing to perform in a workmanlike manner *(see, Nicastro v Park,* 113 AD2d 129). We further find that the award of damages in the sum of $3,830 was proper *(see, Bellizzi v Huntley Estates,* 3 NY2d 112, 115).

We have considered the defendants' remaining contentions and find them to be without merit. Lawrence, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.