■ ALBERT L. AYLESWORTH, as Executor of ELEANOR S. AYLESWORTH, Also Known as ELEANOR N. AYLESWORTH, Deceased, Appellant, v MILDRED L. EVANS, Respondent, et al., Defendant. [638 NYS2d 982] —White, J.

On January 30, 1992, in the Town of Sullivan, Madison County, Eleanor S. Aylesworth (hereinafter decedent), then 87

---

* There is no claim that General Business Law § 198-a (n) (6) is applicable here.

years old, was a passenger in a vehicle operated by defendant Mildred L. Evans (hereinafter defendant) that made a sudden left hand turn in front of the vehicle operated by defendant Daniel R. Furey. In the ensuing collision, decedent, who was not wearing a seat belt, apparently struck her head on the vehicle's windshield, sustaining a laceration of her right forehead. Because a CT scan showed a little bit of blood in her brain's left lateral ventricle, decedent was admitted to the hospital where she remained until her death on February 25, 1992.

Thereafter, plaintiff commenced this action for wrongful death and conscious pain and suffering which ultimately resulted, insofar as pertinent here, in a verdict against defendant of $8,000 for decedent's conscious pain and suffering. The jury, however, reduced the award to zero as a consequence of its finding that all of decedent's injuries resulted from her failure to utilize the available seat belt. Plaintiff appeals from this aspect of the verdict.

Defendant's seat belt expert testified that decedent would not have struck her head on the windshield had she been wearing a seat belt, thereby providing the predicate for the jury's finding. Plaintiff contends that Supreme Court should have precluded this testimony because this expert was not qualified. However, a trial court's determination that a witness is qualified to testify as an expert will not be disturbed in the absence of serious mistake, an error of law or abuse of discretion (*see*, *Werner v Sun Oil Co.*, 65 NY2d 839, 840). Defendant's expert testified that he holds Bachelor's and Master's degrees in civil engineering, and that he is presently department chairman and professor of civil engineering technology and construction technology at Hudson Valley Community College. He also related that he is a member of the Association for the Advancement of Automotive Medicine, a society of doctors and engineers that studies the way automobile accidents and injuries occur. In addition to evaluating approximately 700 accidents involving seat belt usage and testifying in New York courts about 15 times on the subject, defendant's expert has reviewed a number of studies regarding the use and efficiency of seat belts. Based upon this unchallenged testimony establishing his skill, training, education and experience relating to the use of seat belts, we conclude that Supreme Court did not abuse its discretion or otherwise err in permitting defendant's expert to testify (*see*, *Matott v Ward*, 48 NY2d 455, 459; *Brushton-Moira Cent. School Dist. v Alliance Wall Corp.*, 195 AD2d 801, 802). We further find that the expert's opinions were properly

admitted into evidence since they were based on information gleaned from documents and photographs in the record (*see, Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725).

Plaintiff next argues that because decedent developed a number of ailments while in the hospital that could not have been caused by her failure to wear a seat belt, the jury's verdict should be set aside as against the weight of the evidence. A verdict will not be set aside on this ground unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Wierzbicki v Kristel*, 192 AD2d 906, 907). This is a discretionary inquiry, involving the balancing of many factors, with the ultimate test being whether any viable evidence exists to support the verdict not whether the jury erred in weighing the evidence (*see, Durkin v Peluso*, 184 AD2d 940, 941; *Nicastro v Park*, 113 AD2d 129, 133).

In this instance, plaintiff's medical expert testified that decedent sustained "a piddling head injury, as far as head injuries go", which was apparently resolved at the time of her death since the autopsy report did not mention it. The doctor further noted that decedent suffered from Alzheimer's disease which prevented her from becoming oriented to her hospital situation and caused her to become agitated to the point she was refusing to eat, ripping out her nasal gastric tubes, pulling out the Foley catheter and repeatedly removing her oxygen mask. This, in turn, exacerbated her congestive heart failure condition which led to pneumonia, the probable immediate cause of death. Defendant's medical expert opined that other people who sustained a similar head injury would not necessarily have required hospitalization and he agreed that there was a significant underlying dementia affecting decedent. Inasmuch as this evidence demonstrates that it was not decedent's head injury, but her Alzheimer's disease that was the proximate cause of the pain and suffering she experienced while in the hospital, we find that the jury's verdict is based upon a fair interpretation of the evidence and, thus, is not against the weight of the evidence. We note that plaintiff's failure to object to Supreme Court's supplemental charge regarding the aggravation of a preexisting condition precludes appellate review of this issue (*see, Dutcher v Fetcher*, 183 AD2d 1052, 1054, *lv denied* 80 NY2d 761).

In light of the jury's finding regarding decedent's failure to wear a seat belt, plaintiff's argument that the $8,000 award for conscious pain and suffering is inadequate is academic. For these reasons, we affirm.

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.