[657 NYS2d 787]

Brushton-Moira Central School District, Appellant-Respondent, v Fred H. Thomas Associates, P. C., Respondent-Appellant.

Third Department, May 1, 1997

## APPEARANCES OF COUNSEL

*John A. Piasecki,* Malone, for appellant-respondent.

*Sugarman, Wallace, Manhein & Schoenwald, L. L. P.,* Syracuse *(Timothy J. Perry* of counsel), for respondent-appellant.

## OPINION OF THE COURT

MERCURE, J. P.

This action, commenced in 1984, arises out of the failure of certain insulated panels that were installed in a curtain wall under a 1980 contract for renovation work at plaintiff's high school building. A full statement of the underlying facts may be found in our decision on a prior appeal (195 AD2d 801), where we awarded plaintiff summary judgment on its breach of contract cause of action against defendant, the firm engaged by plaintiff to perform architectural services in connection with the project, and remitted the matter to Supreme Court for a determination of damages based on the cost of replacing the defective panels (*supra*, at 803). At the ensuing trial on the issue of damages, plaintiff's expert testified that moisture had penetrated the panels, causing leakage and corrosion, and that corrective measures should include a new sloped framing system with "weepholes" to permit the escape of moisture. A

second expert fixed the cost of the prescribed repairs at $338,521. Supreme Court awarded damages in that amount, less a $30,000 setoff for funds plaintiff received in settlement with another party. However, concluding that a windfall would result, Supreme Court refused to award plaintiff interest from the date of the breach to the time of the trial on damages. Plaintiff appeals from so much of Supreme Court's order as limited interest to that accruing after the date of the trial on damages and defendant cross-appeals from the award of damages.

■ First addressing defendant's cross appeal, we reject the contention that Supreme Court erred in compensating plaintiff for the cost of installing a "weep" system, work that was not contemplated in the 1980 contract. Concededly, the general rule is that "[i]n a breach of contract case, the goal of a damage award is to place plaintiff in the position [it] would have been in absent the breach, no worse but no better" (*Kenford Co. v County of Erie*, 108 AD2d 132, 135, *affd in part* 67 NY2d 257, *revd in part* 73 NY2d 312). In this case, however, the witnesses all agreed that a proper repair required the installation of a new aluminum subframe and, although the plans prepared by defendant's expert did not call for the installation of a "weep" system, he testified that such a system could be installed at no additional cost. In addition, in crediting the testimony of plaintiff's experts concerning the cost of the repairs, Supreme Court properly exercised its function as trier of fact (*see, D'Urso v Scuotto*, 111 AD2d 305, 306).

■ Turning now to plaintiff's appeal, we are constrained to the conclusion that Supreme Court erred in denying plaintiff an award of interest for any period prior to the time of the trial on damages. Pursuant to CPLR 5001 (a) and (b), "[i]nterest *shall* be recovered upon a sum awarded because of a breach of performance of a contract" (emphasis supplied) and "shall be computed from the earliest ascertainable date the cause of action existed". In this case, we have no difficulty ascertaining the date of accrual of plaintiff's cause of action, i.e., when defendant certified the building as suitable for student occupancy on April 9, 1982. From that time on and despite the fact that it had paid defendant the full contract price, plaintiff was deprived of the benefit of its bargain—a properly designed and functioning wall system. Under the circumstances, we perceive no windfall in awarding interest from the date of the breach (*see, Love v State of New York*, 78 NY2d 540, 545; *Kaiser v Fishman*, 187 AD2d 623, 627-628, *lv denied* 81 NY2d 711; *Co-*

*tazino v Basil Dev. Corp.*, 167 AD2d 632, 635; Siegel, NY Prac § 411, at 623-624 [2d ed]).

Under the circumstances present here, we are unpersuaded by the dissent's position that interest should be based upon the 1982 cost of the remedial work, to be determined following remittal for yet another trial in this matter. Certainly, the dissent's proposal is not mandated, or even suggested, by *Milbrandt v Green Refractories Co.* (79 NY2d 26), a wrongful death case in which the Court of Appeals held that interest should not be added to an award for future loss that is not discounted to a time prior to the date of the award, in that case the date of the decedent's death (*supra*, at 31). That decision, predicated upon the theory that a nondiscounted award of future damages already "includes the return that would be earned on the principal from the date of death to the date of the verdict" (*supra*, at 35) and, thus, an award of interest would result in a true double recovery, provides no support at all for the dissent's effort to "discount" damages to the replacement cost as of the date of the breach. Discounting, a factor of time and rate of return (i.e., *interest*), has nothing at all to do with the present inquiry, which is based upon an assumed increase in the cost of repairs from the date of breach to the date of trial based upon *inflation*. Unlike interest, which may be presumed and is, in fact, fixed by statute (CPLR 5004), inflation (which varies in rate from time to time, region to region and industry to industry and sometimes disappears completely) may not be presumed—it is a matter of proof in any given case.

In the present case, had defendant anticipated that a substantial increase in the cost of repairs from the time of the breach to the time of trial might bring about a windfall to plaintiff, it had an opportunity to offer competent evidence to that effect. However, having failed to come forward with any evidence of the cost of the necessary remedial work at any time prior to the time of trial, defendant may not be heard to complain about the perceived windfall to plaintiff. By denying plaintiff interest from the date of breach to the date of trial, Supreme Court not only rewarded defendant's omission but took the additional step of presuming, without basis in fact, that the rate of inflation over the relevant period equaled or exceeded the applicable rate of interest. Now the dissent proposes that we commit a similar error by improperly speculating that the particular locale and industry experienced inflation over the relevant time period and, on the basis of that speculation, granting defendant an unwarranted second opportunity to establish its case.

CARPINELLO, J. (concurring in part and dissenting in part). While we agree with Supreme Court's award of damages and the majority's holding that plaintiff is entitled to recover pre-decision interest from April 9, 1982, we are of the view that, in this instance, it would be inequitable to award such interest based upon 1995 repair costs.

Because the damage award in this case is based upon the cost of remedying defective construction work more than 10 years after the cause of action accrued, and necessarily incorporates amounts attributable to inflation and changes in market conditions in the intervening years, it would be inappropriate to base the calculation of predecision interest on that figure, which may greatly exceed the damages actually incurred at the time of the breach. We believe that the rationale underlying *Love v State of New York* (78 NY2d 540) dictates that plaintiff should receive interest from 1982 to 1995 on what it would have cost to remedy the breach in 1982—that being a more accurate measure of the extent to which it was actually harmed during that period—rather than to compute interest on the basis of 1995 costs, which include amounts plaintiff neither expended nor was deprived of using.

Several months after handing down its decision in *Love v State of New York* (*supra*), the Court of Appeals revisited the question of the proper method for calculating prejudgment interest, albeit in a somewhat different context. In the wrongful death case of *Milbrandt v Green Refractories Co.* (79 NY2d 26), the Court of Appeals resolved the issue of whether such interest should be added to an award for future loss which is not discounted to the date of death. In finding that such an award would be an inappropriate double recovery, the Court held that "the addition of such interest would not be compensation at all but a windfall for plaintiff and a punitive sanction on defendant" (*supra*, at 35). The Court of Appeals noted that its holding was "consistent with the settled doctrine that the goal of damages in a wrongful death action is to compensate * * * for no more than * * * pecuniary loss [and that] * * * [t]he inclusion of such unearned windfall interest is, of course, the antithesis of compensation" (*supra*, at 35 [citations omitted]). In our view, this method for determining just compensation is equally applicable here and mandates that interest not be awarded on 1995 replacement costs which are not discounted to replacement costs on the date of the breach. Calculating interest on this undiscounted amount would clearly result in an unjustified windfall for plaintiff. To avoid such an unjust

windfall, we would base the predecision interest award on the cost to repair or replace the defective work as of April 9, 1982, the time of the breach. Accordingly, we would remit this matter to Supreme Court for a hearing on that issue.

WHITE and PETERS, JJ., concur with MERCURE, J. P.; CARPINELLO and YESAWICH JR., JJ., concur in part and dissent in part in a separate opinion by CARPINELLO, J.

Ordered that the order is modified, on the law, with costs to plaintiff, by awarding plaintiff prejudgment interest from April 9, 1982, and, as so modified, affirmed.