■ FRANCESCO ATTARDO et al., Respondents, v CARMINE PETOSA et al., Appellants, et al., Defendant. [659 NYS2d 294] —In a consolidated action, *inter alia,* to recover damages for breach of contract, the defendants Carmine Petosa and Gisela Petosa appeal from a judgment of the Supreme Court, Richmond County (Cannizzaro, J.H.O.), dated July 30, 1996, which, after a nonjury trial, is in favor of the plaintiffs and against them in the principal sum of $216,000.

Ordered that the judgment is affirmed, with costs.

On November 19, 1987, the plaintiffs Francesco Attardo and Vincenzina Attardo entered into a contract with the appellants Carmine Petosa and Gisela Petosa for the construction of a semiattached house on Staten Island. On the same day, the Attardos' daughter, Ursula Rosa, and her husband, Raffaele Rosa, entered into a contract with the Petosas to purchase the adjoining house. The purchase price for each house was $185,000. Title to the property was transferred to the Attardos and the Rosas in August 1988. At the closings, the Attardos and the Rosas each received temporary certificates of occupancy.

The houses were built on land previously designated as a Special Flood Hazard Area by the Federal Emergency Management Agency, which required all new homes in the area to be constructed above a certain minimum elevation level. The Attardo and Rosa homes were built below the minimum elevation level and, as a result, the New York City Department of

Buildings refused to issue permanent certificates of occupancy. Consequently, the Attardos and Rosas commenced actions against the Petosas to recover damages for breach of contract. The actions were subsequently consolidated.

When the plaintiffs moved for summary judgment, the Petosas conceded that the houses were not constructed at the required elevation level and consented to the entry of partial summary judgment on that issue. A nonjury trial was conducted over three days in 1996 to assess the amount of damages caused by the elevation problem.. The testimony established that the only way to rectify the defect and maintain the usage described in the architectural plans was to raise each house by about two feet to the required elevation level. The estimated cost to repair both houses was $200,000.

Contrary to the appellants' contention, the trial court properly measured the damages according to the cost to cure the defect rather than the diminution in value of the houses. It is well established that where the variance is so substantial as to render the finished house partially unusable and unsafe, the measure of damages is the market price of completing or correcting the contractor's performance (*Bellizzi v Huntley Estates,* 3 NY2d 112, 115). The appellants' further contention that the trial court should have measured the damages according to the least costly cure is equally without merit. The purpose of awarding cost-to-cure damages is to place the plaintiffs in the same position they would have been in if the appellants had complied with the contract (*Kaiser v Fishman,* 187 AD2d 623, 626). The less expensive remedies proposed by the appellants would not have cured the construction flaw or given the plaintiffs the full use of the houses.

On appeal the appellants argue that the amount of damages should be assessed according to the cost of elevating the houses when they were purchased in 1988. However, they did not raise this issue at trial. In any event, the trial court properly ascertained the damages as of the date of trial, not the date of the breach (*Kaiser v Fishman,* 138 AD2d 456, 459). There was no error in the computation of the interest on the judgment. Mangano, P. J., Copertino, Florio and McGinity, JJ., concur.