OPINION OF THE COURT
 

 Ciparick, J.
 

 This appeal brings up for review two related issues: the proper date from which breach of contract damages should be measured and whether prejudgment interest was properly awarded from the date of the accrual of plaintiff’s cause of action. Settled principles of contract law together with the mandatory language of CPLR 5001 (b) lead us to conclude that damages here should have been measured as of the date of the breach, not the date of trial, and prejudgment interest awarded from the earlier date. Accordingly, we modify the Appellate Division order and remit to Supreme Court for a new trial on damages.
 

 In 1979, the plaintiff school district solicited bids for renovations to its high school building. The project included the replacement of glass windows with insulated panels in an effort to conserve energy by reducing heat loss through the windows in the winter. Plaintiff retained defendant, Fred H. Thomas Associates, P. C., as architect for the project. Defendant recommended the use of a particular brand of panels which were installed between November 3, 1980 and December 12, 1980. A certificate of occupancy was issued for the high school building on April 9, 1982.
 
 *
 
 By the summer of 1982, the panels began to bow and deteriorate, eventually permitting water to penetrate the building.
 

 Plaintiff commenced this action in 1984 against defendant, an engineering-architectural firm, alleging professional mal
 
 *260
 
 practice and breach of contract. Plaintiff sought to recover the cost of repair or replacement of the defective panels. Also sued were the contractor and the panel manufacturer. Plaintiff settled with the contractor and the manufacturer for $30,000 during the nonjury trial, which then continued against defendant alone. At the close of proof, Supreme Court concluded that plaintiff failed to state a malpractice cause of action because plaintiff sought only economic damages which are recoverable under the breach of contract cause of action. As to the latter claim, the court concluded that plaintiff had failed to establish a prima facie case because defendant had satisfied its contractual obligation to obtain an express warranty from the manufacturer.
 

 Plaintiff appealed and the Appellate Division modified by granting judgment to plaintiff on its breach of contract cause of action and remitting for a trial on damages. Citing
 
 Kaiser v Fishman
 
 (138 AD2d 456, 459), the Court further held that plaintiff was entitled to the replacement cost of the defective panels measured as of the date of trial (195 AD2d 801).
 

 After a trial on damages, Supreme Court awarded plaintiff damages in the amount of $338,521 representing costs as of the trial date, less a setoff of $30,000 plus prejudgment interest from October 1995, the date of the trial. Plaintiff appealed the award of interest contending that interest should be computed from 13 years earlier, the date of the breach in April 1982. Defendant cross-appealed on the ground that the damage award unfairly conferred upon plaintiff a better system than it had bargained for. The Appellate Division, two Justices dissenting in part, modified by awarding prejudgment interest from April 9, 1982 and otherwise affirmed the damage award based on the date of trial. At entry of judgment interest alone was calculated to be $417,785. The majority concluded that this result was mandated by CPLR 5001 (a) and (b) and perceived no windfall in awarding interest from the date of the breach on damages measured as of the date of trial (230 AD2d 228, 230-231). The dissenting Justices were of the view that it would be inequitable to award predecision interest based upon 1995 repair costs and would thus remit for a hearing to determine the cost to repair or replace in 1982 (230 AD2d 228, 232-233,
 
 supra).
 
 Defendant appeals as of right, pursuant to CPLR 5601 (a).
 

 Initially, we reject defendant’s claim that the Appellate Division erred in holding it liable for breach of contract. In
 
 Sears, Roebuck & Co. v Enco Assocs.
 
 (43 NY2d 389, 396-397), we held that when the rights and obligations of an owner and
 
 *261
 
 architect arise out of their contractual relationship, the owner may sue in contract or tort and the scope of evidence admissible on the issue of liability under either theory is the same. Hence, the plaintiff owner may introduce evidence, including expert testimony, to demonstrate that the architect failed to use due care in the performance of its contract obligations or that the architect’s performance fell short of the applicable professional standards
 
 {id.,
 
 at 396-397).
 

 As noted by the Appellate Division, plaintiff in the instant case offered the testimony of a licensed engineer who testified that the insulated panels recommended by defendant were inappropriate for plaintiff’s building because of their dimensional instability when exposed to the extreme weather conditions in northern New York. The expert also testified that defendant deviated from the applicable standard of care by relying too heavily on the product literature and not on actual experience with the product. Despite this testimony, Supreme Court concluded that plaintiff had failed to prove its claim. We disagree and hold that the Appellate Division’s conclusion that defendant failed to rebut the testimony of plaintiff’s expert on the issue of due care more nearly comports with the weight of the evidence
 
 (see, Loughry v Lincoln First Bank,
 
 67 NY2d 369, 380). We thus affirm on the liability issue.
 

 The Appellate Division erred, however, in holding that damages are to be measured as of the date of trial. It has long been recognized that the theory underlying damages is to make good or replace the loss caused by the breach of contract
 
 (see, e.g., Reid v Terwilliger,
 
 116 NY 530, 542). Damages are intended to return the parties to the point at which the breach arose and to place the nonbreaching party in as good a position as it would have been had the contract been performed
 
 (see, e.g., Goodstein Constr. Corp. v City of New York,
 
 80 NY2d 366, 373; Haig, Commercial Litigation in New York State Courts § 51.3 [c], at 31 [4 West’s New York Practice Series, 1995]; Restatement [Second] of Contracts § 347, comment o; § 344). Thus, damages for breach of contract are ordinarily ascertained as of the date of the breach
 
 (Rodriguez & Co. v Moore-McCormack Lines,
 
 32 NY2d 425, 429;
 
 Simon v Electrospace Corp.,
 
 28 NY2d 136, 145;
 
 Parker v Hoppe,
 
 257 NY 333, 341).
 

 In accordance with these guideposts, we have held that a cause of action for defective design or construction accrues upon the actual completion of the work
 
 (Sears, Roebuck & Co. v Enco Assocs.,
 
 43 NY2d 389, 395,
 
 supra; Sosnow v Paul,
 
 36 NY2d 780, 781). We have also held that the appropriate mea
 
 *262
 
 sure of damages is the cost to repair the defects or, if the defects are not remediable, the difference in value between a properly constructed structure and that which was in fact built
 
 (Bellizzi v Huntley Estates,
 
 3 NY2d 112, 115-116;
 
 Sosnow v Paul, supra).
 
 This rule is merely a recognition of the precept that damages are intended to place the injured party in the same position as if there had been no breach. We have never suggested that the rule for computing damages in a contract action involving defective architectural design or construction is any different from the general date of breach rule. As with other contract actions, damages here must be based on the accrual date of plaintiff’s cause of action
 
 (Rodriguez & Co. v Moore-McCormack Lines,
 
 32 NY2d 425,
 
 supra; Simon v Electrospace Corp.,
 
 28 NY2d 136,
 
 supra).
 

 In the instant case, the parties agree that the cause of action accrued on April 9, 1982, when the work was completed and a certificate of occupancy was issued. The proper measure of damages is therefore the cost to repair or replace the defective panels as of April 1982
 
 (see, Sosnow v Paul,
 
 36 NY2d 780,
 
 supra).
 

 Upon this amount, interest is awarded pursuant to statutory mandate. CPLR 5001 (a) provides that interest shall be recovered upon a sum awarded for a breach of contract. The CPLR further mandates that "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed” (CPLR 5001 [b]). The award of interest reflects a recognition of the principle that damages are properly ascertained as of the date of the breach and a recognition that there may be a time lag between the accrual of a plaintiff’s cause of action and the resulting damage sustained and actual payment by defendant
 
 (see, Love v State of New York,
 
 78 NY2d 540, 544-545). If damages were to be computed as of a date other than the accrual of the cause of action the application of CPLR 5001 (b) could lead to anomalous results and windfalls for some plaintiffs. In view of the clear statutory direction that interest
 
 must
 
 be computed from the date of accrual, we need not deviate from the general rule that damages should be measured as of that same date. To the extent that the Appellate Division relied on
 
 Kaiser v Fishman
 
 (138 AD2d 456,
 
 supra),
 
 which was followed in
 
 Attardo v Petosa
 
 (240 AD2d 607), those lower court precedents should not be followed and this action should not be treated differently from other breach of contract situations.
 

 Measuring replacement costs as of the date of trial, moreover, might contradict the general principle that the injured
 
 *263
 
 party has a duty to mitigate damages
 
 (see, Wilmot v State of New York,
 
 32 NY2d 164, 168-169;
 
 Losei Realty Corp. v City of New York,
 
 254 NY 41, 47-48; Haig, Commercial Litigation in New York State Courts, § 39.3 [c], at 501 [3 West’s New York Practice Series, 1995]; Restatement [Second] of Contracts § 350). Notably, plaintiff has incurred no expense to repair and has had use of the building during the entire period, nor has it claimed any consequential damages. There would be no incentive to mitigate damages if plaintiff could wait until trial to recover damages measured as of the trial date and, in addition, receive interest from the earlier date of accrual.
 

 In sum, we conclude that plaintiff’s damages in the instant case should be based on the cost to repair or replace the defective panels as of April 9, 1982 and, pursuant to statutory mandate, prejudgment interest must also be calculated from that same date.
 

 Accordingly, the order of the Appellate Division should be modified, without costs, by remitting to Supreme Court for further proceedings in accordance with this opinion and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith and Wesley concur; Judge Levine taking no part.
 

 Order modified, etc.
 

 *
 

 The record indicates that the certificate was actually issued on February 17, 1982 but the parties have relied on April 9, the date the certificate was sent to the school, as the date the work was completed.