■■■ DAVID A. FREDLUND, Respondent, v VINCENT DEROSA, Appellant. (Appeal No. 1.) [765 NYS2d 561] —Appeal from a judgment of Chautauqua County Court (Ward, J.), entered February 14, 2002, in favor of plaintiff in the amount of $19,022.99 upon an appeal from a judgment of Jamestown City Court (LaMancuso, J.), entered July 7, 1999.

■■■ DAVID A. FREDLUND, Respondent, v VINCENT DEROSA, Appellant. (Appeal No. 3.) [765 NYS2d 395] —Appeal from an order of Chautauqua County Court (Ward, J.), entered April 9, 2002, which modified a judgment of Jamestown City Court (LaMancuso, J.), entered July 7, 1999.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law and facts by reinstating the $2,545.96 award for cost of cure damages and as modified the order is affirmed with costs to defendant. All findings of fact contained in the decision of County Court

that are inconsistent with the memorandum herein are hereby reversed and new findings are made pursuant to CPLR 5712 (c) as contained in the following memorandum: Plaintiff commenced this action to recover damages for breach of contract, alleging nonpayment by defendant of the costs of materials and labor supplied by plaintiff in connection with the construction of a house for defendant. Defendant counterclaimed for, inter alia, delay damages of $9,000 and cost of cure damages of $2,545.96. City Court granted judgment to defendant on those aspects of his counterclaim, among others, and defendant appeals from an order of County Court modifying the City Court judgment by vacating the award of $9,000 for delay damages and $2,545.96 for cost of cure damages. Defendant contends that he is entitled to those items of damages because City Court properly found that plaintiff was responsible for failing to complete the project within a reasonable time and for failing to perform certain cabinet work in a workmanlike manner.

With respect to delay damages, we conclude that the evidence more nearly comports with County Court's finding (*cf. Campaign for Fiscal Equity v State of New York,* 100 NY2d 893 [2003]; *Brushton-Moira Cent. School Dist. v Thomas Assoc.,* 91 NY2d 256, 261 [1998]; *Loughry v Lincoln First Bank,* 67 NY2d 369, 380 [1986]; CPLR 5501 [c]) that defendant, rather than plaintiff, was responsible for any delay in completing the project. The weight of the evidence establishes that defendant contributed most significantly to the delay in the completion of the house by not having building specifications drawn up by an architect, reserving to himself the choice of many building materials, and continually delaying his decision concerning which materials to use. Defendant's indecision resulted in delays in ordering materials, which in turn delayed their delivery to the job site, which in turn caused repeated and protracted work stoppages.

We conclude, however, that the evidence more nearly comports with City Court's finding that plaintiff was responsible for $2,545.96 in cost of cure damages. Those damages relate to the cost of repairs or replacements made, after plaintiff left the job site, to kitchen cabinet doors and pull-out shelves, file drawers in built-in units in the study, a set of French doors, and the fireplace mantel. The weight of the evidence supports City Court's finding that those repairs or replacements were necessitated by poor workmanship by plaintiff. We therefore modify County Court's order by reinstating the $2,545.96 award for cost of cure damages.

We have considered the remaining contentions of the parties

and conclude that they are without merit. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Lawton, JJ.