Solomon Capital LLC v Lion Biotechnologies, Inc. (2021 NY Slip Op 05653)





Solomon Capital LLC v Lion Biotechnologies, Inc.


2021 NY Slip Op 05653


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Gische, J.P., Moulton, González, Kennedy, Scarpulla, JJ. 


Index No. 651881/16 Appeal No. 14355 Case No. 2020-03644 

[*1]Solomon Capital LLC, et al., Plaintiffs-Appellants,
v
Lion Biotechnologies, Inc., Formerly Known as Genesis Biopharma, Inc., Defendant-Respondent.


Greenberg Traurig, LLP, New York (Hal S. Shaftel of counsel), for appellants.
Harter Secrest & Emery, LLP, Rochester (Jerauld E. Brydges of counsel) and TroyGould PC, Los Angeles, CA (Russell I. Glazer, of the bar of the State of California, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered May 14, 2020, which granted defendant's motion for partial summary judgment that plaintiffs may recover no more than $47,420 on the share award portion of their damages claim, unanimously affirmed, with costs.
The court properly concluded that the damage amount computed by defendant's expert based on the dates of the breaches of the contract, as alleged in the complaint, was proper (see Brushton-Moira Cent. School Dist. v Thomas Assoc., 91 NY2d 256, 261 [1998]). Plaintiffs presented no evidence that the expert's methodology or calculations were inaccurate. Plaintiffs' claim that they were entitled to specific performance rather than monetary damages is raised for the first time on appeal and contradicts their most recent response to defendant's interrogatories.
The court's comments regarding plaintiffs' claim for promissory note damages constitute dicta in that defendant's motion did not seek relief with respect to those claims (see New Hampshire Ins. Co. v MF Global, Inc., 108 AD3d 463, 467 [1st Dept 2013]), and the court addressed this issue only because plaintiffs argued that they would have converted the promissory notes into shares prior to the reverse stock split. The court's comments did not reflect a final ruling on the amount of the promissory damages claimed by plaintiffs.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021