Eshaghian v Eshaghian (2022 NY Slip Op 06426)

Eshaghian v Eshaghian

2022 NY Slip Op 06426

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Gische, J.P., Kapnick, Kern, Gesmer, Higgitt, JJ. 

Index No. 654481/15 Appeal No. 16646-16646A Case No. 2021-03639, 2022-00244 

[*1]David Eshaghian, Plaintiff-Appellant,
v
Mahrokh Eshaghian, Sued Herein as Marokh Eshaghian et al., Defendants-Respondents.

Davidoff Hutcher & Citron LLP, New York (Martin H. Samson of counsel), for appellant.
Markewich and Rosenstock LLP, New York (Lawrence M. Rosenstock of counsel), for respondents.

Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered October 4, 2021, in favor of defendants, pursuant to an order, same court and Justice, entered on or about September 17, 2021, which granted defendants executors' motion for $2,774,150.30 in prejudgment interest on a portion of the stipulated damages award on their breach of contract counterclaim, unanimously modified, on the law, to provide for prejudgment interest calculated from December 17, 2015 on the disputed revenue, i.e., 10% of the revenue distributed by York Avenue Associates of New York LLC (the operating LLC) to Yorktown 82nd Associates LLC (the holding LLC), distributed prior to that date, and from the date of the distribution on the disputed revenue distributed after that date, and otherwise affirmed, without costs. Appeal from the order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
By letter dated November 20, 2003, the parties agreed to various provisions that would be triggered upon a final determination on defendants' prospective claim that a side agreement between plaintiff and decedent was invalid or otherwise unenforceable. The letter agreement essentially provided that if defendants prevailed on their "invalidity claim," 10% of the revenue distributed by the operating LLC to the holding LLC would be automatically reallocated from plaintiff to decedent's estate. Defendants asserted their invalidity claim in Surrogate's Court and on December 17, 2015, the Surrogate issued a final determination in defendants' favor.
After the Surrogate issued the order, plaintiff commenced this related declaratory judgment action. Defendants answered and asserted counterclaims for a declaratory judgment and breach of contract. The breach of contract counterclaim was premised on plaintiff's refusal to comply with provisions of the parties' letter agreement that were triggered by a final determination on defendants' invalidity claim, including the reallocation of the disputed revenue. Supreme Court granted summary judgment on defendants' breach of contract counterclaim (Eshaghian v Eshaghian, 2016 WL 8928904 [Sup Ct, NY County 2016], affd 146 AD3d 529 [1st Dept 2017], lv dismissed 29 NY3d 980 [2017]).
Contrary to plaintiff's position, Supreme Court properly determined that defendants were entitled to recoup the disputed revenue as damages on their breach of contract counterclaim and thus, they were entitled to prejudgment interest on that revenue (see CPLR 5001). However, defendants' breach of contract cause of action accrued on December 17, 2015, when their invalidity claim was finally determined, triggering the relevant provisions of the letter agreement. Thus, prejudgment interest should be calculated from December 17, 2015, on the disputed revenue distributed prior to that date and from the date of the distribution on the disputed revenue distributed after that date (see CPLR 5001[b]; Brushton-Moira Cent. School Dist. v Thomas Assoc[*2]., 91 NY2d 256, 259, 262 [1998]).
We have considered the parties' remaining arguments and find them unpersuasive.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022